Siegel vs. The Town of Liberty and another.

*September 24 — October 15, 1901.*

*Towns: Purchase of road machine: Setting aside illegal contract: Taxpayer's action: Parties: Restraining collection of tax: Pleading.*

1. A complaint alleging that plaintiff is a property owner and taxpayer in a road district of the defendant town; that a contract had been made for the purchase of a road machine for his road district together with another district, involving the expenditure of $225, to be raised by taxation of said districts; and that the contract was made without the petition required by law to be filed before the making of such a contract,— states a cause of action to prevent the carrying out by a municipal corporation of an illegal contract involving the increase of taxation or the unlawful expenditure of public funds.

2. Under ch. 83, Laws of 1899 (providing that in certain towns the chairman of the town board may, upon presentation of the prescribed petition, purchase a road machine for a road district or districts, which shall be paid for out of the highway taxes of said districts; that a copy of the contract shall be filed with the town

clerk; and that the amount thereof shall be audited by the town
board of audit and paid by direct tax levied by the town board on
said district or districts, as other town charges are levied and col-
lected), a contract made by the chairman of the town board for the
purchase of a road machine for certain road districts in his town
is in legal effect the contract of the town in its corporate capacity.

3. The town and the vendor of the road machine in such case are the
only necessary parties defendant to an action to set aside the con-
tract, since the chairman of the town board is not personally bound
by the contract, and the road districts are not corporate bodies.

[4. Whether in such a case a complaint which does not allege that the
illegal tax has been placed upon the tax roll, or that any attempt
has been made to collect it, states a cause of action to enjoin its
collection, doubted but not determined.]

5. Where a complaint states a good cause of action it will not be held
bad on demurrer, merely because greater relief is demanded than
the plaintiff is entitled to.

APPEAL from an order of the circuit court for Outagamie
county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is a taxpayer's action in equity to set aside an alleged
illegal contract made by the defendant town and to enjoin
the collection of taxes to meet said contract.

The complaint, after the formal allegation showing the
corporate character of the town of *Liberty* and the character
of the defendant *The Austin & Western Company* as a foreign
corporation, alleged, in substance, that the plaintiff is a tax-
payer of road district No. 3 of said town of *Liberty;* that on
November 3, 1899, without any petition therefor, the town
board of the town of *Liberty* passed a resolution levying an
annual tax on the taxable property of road districts Nos. 3
and 7 in said town of *Liberty* to pay the purchase price of a
certain road machine; that thereafter one H. B. Dexter, the
chairman of said board of supervisors, "claiming to act in
pursuance of a written petition signed by the majority of
the taxpayers of said road district representing more than
one half of the taxable property therein according to the last
preceding assessment, made and entered into a written con-
tract with the defendant *The Austin & Western Company,*

*Limited,* for the purchase of said road machine for the said town of *Liberty* at the sum of $225." Here follows a copy of the said contract, signed by said Dexter as chairman, stating that he had purchased of the *Austin & Western Company, Limited,* one road machine at the sum of $225, which sum said town promises to pay to said *Austin & Western Company,* with six per cent. interest, in annual instalments.

It is then alleged that one William Moroch was at the time of the making of said contract superintendent of road district No. 7 of said town, and that he never in fact signed the said petition for the purchase of said road machine, but that the defendant *The Austin & Western Company, Limited,* corruptly signed the name of said Moroch to said pretended petition, and fraudulently represented to the taxpayers of said district that said Moroch had in fact signed the same; that said pretended petition does not in fact contain the names of a majority of the taxpayers of either of said road districts representing one half of the taxable property therein, but that it has less than a majority of such names and less than one half of the taxable property of said road districts, and was not certified to by the superintendents of either of said districts; that the town clerk of said town has made out and placed in the hands of all the superintendents of road districts in said town warrants for the collection of a portion of the highway tax, which apportionment of taxes for road district No. 3 is based upon the tax so illegally levied by the town board of the defendant town on the 3d day of November, 1899.

The complaint demands judgment annulling said contract, and adjudging said tax to be void, and enjoining the collection thereof.

To this complaint the defendants demurred jointly on the grounds: (1) That the court has no jurisdiction of the defendants; (2) that the plaintiff has no legal capacity to sue; (3) that there is a defect of parties defendant, in that the

chairman and town clerk of the town of *Liberty* are not made parties defendant; (4) that several causes of action are improperly united; and (5) that the complaint does not state facts sufficient to constitute a cause of action as against the defendants, or either of them. The demurrer was sustained on the grounds that the complaint fails to state facts sufficient to constitute a cause of action, and that there is a misjoinder of parties defendant. From an order sustaining the demurrer the plaintiff appeals.

*F. C. Weed*, for the appellant.

For the respondents there was a brief by *A. M. Spencer*, attorney, and *I. B. Lipson*, of counsel, and oral argument by *Mr. Spencer*.

WINSLOW, J. The cases have been so numerous in this court during recent years sustaining the taxpayer's right in equity to maintain an action to prevent the making or carrying out of illegal and unauthorized contracts by municipal corporations involving the increase of taxation or the unlawful expenditure of public funds, or both, that it seems unnecessary to do more than to refer to the proposition. *Webster v. Douglas Co.* 102 Wis. 181.

The question presented here is whether the complaint, fairly construed, presents such a case. We think it does. The complaint sufficiently shows that the plaintiff is a property owner and taxpayer in a road district of the defendant town; that a contract has been made for the purchase of a road machine for his road district, involving the expenditure of $225, to be raised by taxation of the plaintiff's district together with another district; and that said contract was made without the petition required by law to be filed before the making of such a contract.

But it is said that in making the contract in question the chairman of the town board did not act for the town, but acted simply in a governmental capacity as a public officer

performing a duty laid upon him by law, and hence that under familiar principles the town is in no way liable for his acts and is not a proper party to this litigation. This is the ground upon which the complaint was condemned in the trial court, but we regard it as fallacious.

The act which authorizes the purchase of road machines to be owned and used by road districts is ch. 83, Laws of 1899. This act provides, in substance, that in towns where the road taxes are paid in labor the chairman of the town board may, upon a written petition signed by more than one half of the taxpayers representing more than one half of the taxable property in any road district or districts and by the superintendents of the district or districts, purchase a road machine or scraper on credit or otherwise, to be used and owned by the district or districts petitioning therefor, which shall be paid for out of the highway tax of such district or districts; that a copy of the contract shall be filed with the town clerk; and that the amount thereof shall be audited by the town board of audit, and paid by direct tax levied by the town board on the district or districts, as other town charges are levied and collected.

Under these provisions there can be no doubt but that the contract made by the chairman is, in legal effect, the contract of the town in its corporate capacity, and that the liability incurred is a liability of the town, the funds with which it is to be discharged being obtained, however, by a tax levied upon that portion of the town which is to enjoy the beneficial use of the machine. The contract must have two parties who are bound by it. Evidently the chairman is not personally bound, and the road district is not a corporate body. It seems, therefore, certain that the town in its corporate capacity and the vendor of the machine are the parties to the contract, and, if so, are necessarily the proper parties in an action to set the same aside.

These considerations demonstrate that the defendants are

the proper parties defendant in this action, so far as it aims
to set aside the contract.

It seems extremely doubtful, to say the least, whether
any cause of action is stated to authorize the enjoining of
the collection of the tax, because it is nowhere alleged that
the same has been placed upon the tax roll, or that any
attempt has been made to collect it.   However, as a good
cause of action is stated to set aside the illegal contract, the
complaint was not subject to demurrer, even though greater
relief was demanded than the plaintiff can obtain.

*By the Court.*— Order reversed, and action remanded with
directions to overrule the demurrer to the complaint.

Siegel, Appellant, vs. The Town of Liberty and another,
Respondents.

*September 24— October 15, 1901.*

*Siegel v. Liberty, ante,* p. 470, followed.

Appeal from an order of the circuit court for Outagamie
county: John Goodland, Circuit Judge.   *Reversed.*

*F. C. Weed,* for the appellant.

For the respondents there was a brief by *A. M. Spencer,*
attorney, and *I. B. Lipson,* of counsel, and oral argument
by *Mr. Spencer.*