SMITH and wife, Respondents, vs. VOGT and wife, Appellants.*

*November 18—December 23, 1947.*

For the appellants there was a brief by *Benton, Bosser, Becker, Parnell & Fulton* of Appleton, and oral argument by *David Fulton.*

*Fred V. Heinemann,* attorney, and *L. Hugo Keller* of counsel, both of Appleton, for the respondents.

* Motion for rehearing denied, with $25 costs, on February 17, 1948.

ROSENBERRY, C. J.   The facts in this case can be best understood by reference to the surveyor's plat, Exhibit C, a copy of which is reproduced herewith.   The parties derived their title

from a common grantor, William Nielsen, who in turn derived his title from David Fuller and wife through mesne conveyances.   In these deeds the property was described as the south one acre of the north eight acres of lot 9, in the northwest quarter of the southeast quarter of section 23-21-17.   It was conceded upon the trial that the plaintiffs owned the west 210.66 feet of the south 111.5 feet of lot 8, formerly lot 9.   It was also conceded by the plaintiff that the defendants Vogt owned the east 155 feet of the south 111.5 feet of lot 8.   The dispute arises as to the west 30 feet of the east 185 feet of the strip.

At the opening of the trial the counsel for defendants conceded that the plaintiffs have record title to this 30-foot strip. Defendants' counsel made the following statement in regard to the basis of defendants' claim:

"It is our contention we purchased this 30-foot strip from the predecessor of title of these properties, Wm. Nielsen.   Due

to a mistake in the drawing of the deed instead of describing it as the west 30 feet of the east 185 feet it was described as being the west 35 feet of the east 155 feet."

This is a concession that the defendants have no record title and therefore can make no claim under color of title. It was stated also on behalf of the defendants that no claim was made to title by adverse possession. The defendants in their answer did not ask for reformation of the deed, which they claim had a mistaken description, and asked only that judgment be entered dismissing the plaintiffs' complaint.

Ejectment is a legal action. The only way in which the defendants could claim record title is by correcting the description in the deed to them from Henry Wasmund made in 1925. With the exception of defendants Vogt all of the parties to that transaction are deceased.

Upon this state of facts the question arises whether the defendants can overcome the plaintiffs' record title to this property without reformation of the deed given to them by Wasmund. This was a question not raised or considered in the trial court, and its solution presents some difficulties.

In the case of *Chicago & N. W. R: Co. v. McKeigue,* 126 Wis. 574, 105 N.W. 1030, which was an action in equity, the court laid down the following rule:

"As a rule, in an action at law facts which in equity simply defeat the action may be set up as a defense only, while facts which call for affirmative relief in favor of the defendant before the action can be defeated must be set up by counterclaim. In ejectment, however, under sec. 3078, Stats. 1898, a purely equitable defense must always be pleaded by way of counterclaim."

By sec. 3078, Stats. 1878, it was provided:

"The defendant may demur to or answer the complaint [in ejectment], as in personal actions; he may also, in his answer, set up any matter as a defense which would have heretofore

formed an equitable defense, in which case the answer shall contain a demand for such judgment as he claims."

Sec. 3078, Stats., was renumbered and became sec. 275.06.

In *Newland v. Morris*, 115 Wis. 207, 209, 91 N. W. 664, it was held:

That the right to plead an equitable defense exists only by virtue of the statute, and, to make it available to the defendant, so that he may secure an affirmative judgment, it is necessary that the matters constituting the equitable defense should be set up as a counterclaim.

Sec. 275.06, Stats., remained the law until 1935. A revisor's bill known as No. 50, S., was introduced in the senate in 1935 and was referred to the committee on judiciary. Sec. 301 of 50, S., amended sec. 275.06 by striking out that part of the section which was taken from the statutes of 1878. What remained of the section related to condemnation proceedings in ejectment cases. To sec. 275.06, as it appears in 50, S., the revisor appended a note:

"Of course a defendant may demur or answer, and he should demand 'such judgment as he claims,' 270.57. 275.06 is not greatly needed."

Reference to sec. 270.57, Stats. 1933, discloses that it dealt with the measure of relief which may be granted to plaintiff where the defendant does not answer, but sec. 263.14, Stats. 1933, sub. (2), provided:

"But each counterclaim shall be pleaded as such and be so denominated, and the answer shall contain a demand for the judgment to which the defendant supposes himself to be entitled by reason of the counterclaim therein."

The deed under which the defendants took title to the property to the east of the disputed strip certainly conveyed no part of the 30-foot strip to them. Unless and until the deed shall have been reformed for mutual mistake, under the facts of this case it does not serve to defeat the plaintiffs' record title which

was derived by direct conveyance from the Nielsen's to the plaintiff.

In *Lombard v. Cowham,* 34 Wis. 486, it was held:

A "deed not being void in law, defendant cannot avail himself of the fraud as a defense at law under a general denial, but must set it up by counterclaim as a ground of positive relief in equity; and the issue thus made must be determined by the court."

In *Lawe v. Hyde*, 39 Wis. 345, 354, it was held that:

Under the statute authorizing an equitable as well as a legal defense in ejectment an equitable defense can be made by counterclaim only.

See also *Siegel v. Liberty*, 111 Wis. 471, 87 N. W. 487.

In this case if we assume that the defendants established facts entitling them to a reformation of the deed by which they took title, that does not defeat the plaintiffs' title. The plaintiffs have undisputed record title to the strip in question. In order to dispossess the plaintiffs the defendants must do something more than allege and prove that somewhere in their chain of title there was a mistake. If they suppose themselves entitled to relief upon those grounds they must plead the facts by way of counterclaim and demand the judgment to which they suppose themselves entitled.

*By the Court.*—The judgment of the municipal court is affirmed.

The following memorandum was filed February 19, 1948:

ROSENBERRY, C. J. (*on motion for rehearing*). In support of their motion for rehearing the defendants argue that the court overlooked a well-established principle of law and failed to apply the provisions of sec. 251.09, Stats., and reverse the judgment appealed from on the ground that the real controversy had not yet been fully tried.

This argument fails to take into consideration that the rule requiring a counterclaim in ejectment cases, where affirma-

tive relief is asked for, is statutory, and applies specially in these cases. To reverse the cause would merely give the defendants an opportunity to try their case twice on the same grounds. We have examined the record and find no grounds upon which the judgment can be reversed in the interests of justice. In spite of the defective pleading the case seems to have been fully tried.

*By the Court.*—Motion denied with $25 costs.