Martha E. STIVARIUS, Plaintiff-Respondent,

v.

Marion DiVALL, individually and as Personal Representative of the Estate of Fred DiVall, a/k/a Frederick DiVall, deceased, David DiVall, individually and as Trustee of the Estate of Fred DiVall, a/k/a Frederick DiVall, deceased, and Richard DiVall, Defendants-Appellants.†

Court of Appeals

*No. 82–1583. Argued July 27, 1983.—Decided December 27, 1983.*
(Also reported in 342 N.W.2d 782.)

† Petition to review granted.

For the defendants-appellants there were briefs by *Thomas C. Ewing* and *Whyte & Hirschboeck, S.C.* of Milwaukee and oral argument by *Thomas C. Ewing*.

For the plaintiff-respondent there was a brief by *Jack McManus* and *McManus Law Offices* of Madison, and oral argument by *Jack McManus*.

Before Gartzke, P.J., Dykman, J. and Gordon Myse, Reserve Judge.

GORDON MYSE, Reserve Judge. This is an appeal from an order denying appellants' motion for costs and attorney's fees pursuant to the frivolous action statute, sec. 814.025, Stats.[1] The motion was denied because

---

[1] Section 814.025, Stats., provides that:

(1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceeding, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or

appellants offered no evidence in support of the amount claimed. We affirm.

Appellants sought costs and attorneys fees for a foreclosure suit brought by respondent which was dismissed by the trial court. In that action a nonevidentiary hearing was held on appellants' counterclaim and post-verdict motion for fees. The trial court determined that respondent's action was frivolous within the meaning of sec. 814.025, Stats., and that appellants were entitled to recover attorneys fees against Stivarius. The determination of fees was premised on appellants' affidavit which detailed their attorney's charges.

Respondent appealed both the judgment dismissing her complaint and the judgment granting appellants' fees. This court affirmed the dismissal of the complaint, but remanded on the issues of frivolousness, reasonableness of fees, and the allocation of fees between respondent and her counsel, stating:

The real issues are whether plaintiff commenced a frivolous action, and *if so, the reasonableness of defendant's attorney's fees,* and the appropriate allocation of those fees between plaintiff and her trial counsel. *These issues have not been factually resolved at an evidentiary hearing.* We conclude that this is an appropriate case to exercise our discretionary powers under sec. 752.35, Stats., and reverse and remand to the trial court because the real controversy has not been fully tried. [Emphasis supplied.]

*Stivarius v. DiVall,* No. 81–456, slip op at 11 (Ct App Jan. 26, 1982).[2]

---

equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law.

[2] Section 752.35, Stats., provides that:

In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regard-

At the hearing on remand appellants introduced evidence to establish the frivolousness of respondent's claim, but introduced no evidence regarding the reasonableness of attorney's fees sought. When appellants rested, all that existed to provide the basis of those fees was the affidavit which had been the basis of the trial court's initial and improper award of fees. The trial court refused to take judicial notice of the affidavit during the hearing on remand.

After appellants rested, respondent elected to rest without introducing any evidence and moved to deny the motion for fees on grounds that no evidence had been adduced to support an award. This motion was granted. Appellants then moved to open the case for introduction of evidence. This motion was denied, as was a subsequent motion for reconsideration.

The issues on appeal are (1) whether appellants' affidavit was a sufficient basis for an award of attorney's fees and costs pursuant to sec. 814.025, Stats.; and (2) whether the trial court abused its discretion in refusing to open the case to permit the introduction of evidence regarding the reasonableness of the attorney's fees claimed. We affirm on each issue. We also conclude that it is not appropriate to once again remand this matter for further proceedings under sec. 752.35, Stats.

This court cannot determine the reasonableness of the fees. When fees are contested the trial court must make findings of fact. *Corliss v. Corliss,* 107 Wis. 2d 338, 351, 320 N.W.2d 219, 224 (Ct. App. 1982). Once the facts

less of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

are determined, whether the standard of reasonableness is fulfilled is a question of law. *Wassenaar v. Panos,* 111 Wis. 2d 518, 525, 331 N.W.2d 357, 361 (1983). The trial court's determination of reasonable fees is given weight, however, because reasonableness is closely intertwined with factual findings. *Id.*

## *Insufficiency of Affidavit*

Appellants contend that the post-trial affidavit submitted to the trial court was sufficient to provide a basis for an award of fees. Awards of attorney's fees have been premised on a variety of bases, including affidavits.[3]

Record evidence is needed, however, to establish the reasonableness of fees when they are disputed as they were here by respondent. Federal courts of appeals require evidentiary hearings where the determination of fees is disputed. *Church of Scientology v. U.S. Postal Service,* 700 F.2d 486, 494–95 (9th Cir 1983) ; *City of Detroit v. Grinnell Corporation,* 495 F.2d 448, 472 (2d Cir. 1974) ; *Lindy Bros. Bldrs., Inc. of Phila. v. American*

---

[3] *See Fox v. Wand,* 50 Wis. 2d 241, 242, 184 N.W.2d 81, 82 (1971) (billing statements; award premised on agreement); *State v. DeKeyser,* 29 Wis. 2d 132, 137, 138 N.W.2d 129, 131 (1965) ("claims for legal services should be submitted to the court by verified petition explaining the nature and extent of the work"); *Patrick v. Head of Lakes Cooperative Elec. Ass'n.,* 98 Wis. 2d 66, 73, 295 N.W.2d 205, 209 (Ct. App. 1980) (billing statements). *Cf. Home Bank v. Becker,* 48 Wis. 2d 1, 15–16, 179 N.W.2d 855, 864 (1970) (stipulation in loan note for fees termed "reasonable" where there was neither evidence supporting award nor challenge to award). *See also Manhart v. City of Los Angeles, Dept. of Water,* 652 F.2d 904, 908 (9th Cir. 1981) (affidavits sufficient, evidentiary hearing unnecessary) *vacated and remanded,* 103 S. Ct. 2420 (1983); *Williams v. Alioto,* 625, F.2d 845, 849 (9th Cir. 1980) (per curiam) (same), *cert. denied,* 450 U.S. 1012 (1981).

*R & S San. Corp.,* 487 F.2d 161, 169–70 (3d Cir. 1973) ; E. Richard Larson, *Federal Court Awards of Attorney's Fees* 269 (1981). Decisions in this state have expressed preference for presentation of evidence on the reasonableness of fees. *Tesch v. Tesch,* 63 Wis. 2d 320, 334, 217 N.W.2d 647, 654, (1974) ; *Corliss,* 107 Wis. 2d at 350–51, 320 N.W.2d at 224. No evidence regarding the reasonableness of fees was adduced at the hearing upon remand. At the close of the hearing, the record was as blank on the question of fees as it had been prior to the remand. Thus, no fee was warranted on the basis of record evidence.

Appellants contend that the trial court possessed the inherent power to determine the reasonableness of attorney's fees. The Wisconsin Supreme Court in *Herro, McAndrews & Porter v. Gerhardt,* 62 Wis. 2d 179, 182, 214 N.W.2d 401, 402 (1974), said:

It is established that courts have the inherent power to determine the reasonableness of attorney's fees and to refuse to enforce any contract that calls for clearly excessive or unreasonable fees. [Footnote omitted.]

This inherent power is premised on the court's " 'supervisory control of the practice of the law,' " *Herro,* 62 Wis.2d at 184, 214 N.W.2d at 403–04 (quoting *In Re Integration of Bar,* 5 Wis.2d 618, 622, 93 N.W.2d 601, 603 (1958)), and on judges' expert knowledge regarding the value of legal services. *Herro,* 62 Wis. 2d at 183, 214 N.W.2d at 403. However, any inherent power in the trial court to determine reasonable fees was limited by the remand order to resolve the disputed fees through an evidentiary hearing. No evidence was presented, and as a result no findings of fact were made from which to determine reasonable fees.

### Refusal of Supplemental Evidence

Appellants contend that the trial court abused its discretion by refusing to permit additional testimony on the subject of fees after appellants had rested their case. A decision to open a case after the close of evidence is committed to the sound discretion of the trial court. *Estate of Javornik,* 35 Wis. 2d 741, 746, 151 N.W.2d 721, 723 (1967). "Upon review, we will not set aside a discretionary order unless it is apparent that it was exercised arbitrarily or on the basis of completely irrelevant factors." *Carlson Heating, Inc. v. Onchuck,* 104 Wis. 2d 175, 181, 311 N.W.2d 673, 676 (Ct. App. 1981).

In the instant case appellants had notice of the requirement that attorney's fees be proved in an evidentiary hearing. Appellants rested without introducing any evidence on this question. Relying on the record, respondent's counsel also rested without introducing any evidence. Under these circumstances the trial court properly exercised its discretion not to reopen the evidentiary hearing.

### Discretionary Remand under Sec. 752.35, Stats.

Appellants contend that this court should exercise its discretionary power under sec. 752.35, Stats., and remand because the real controversy has not been fully tried. Appellants' claim was previously remanded for that precise reason. "Litigation must end at some point," however. *Chicago & N.W. R.R. v. Labor and Ind. Rev. Comm.,* 91 Wis. 2d 462, 474, 283 N.W.2d 603, 609 (Ct. App. 1979), *aff'd,* 98 Wis. 2d 592, 297 N.W.2d 819 (1980).

One sec. 752.35, Stats., remand was granted. Another is not warranted: "[T]o reverse the cause would merely give the defendants an opportunity to try their case twice

on the same grounds." *Smith v. Vogt,* 251 Wis. 619, 624, 30 N.W.2d 617, 619 (1947) (Rosenberry, C.J., on motion for rehearing). Appellants' failure to present evidence upon remand resulted in an adverse judgment. This mistake does not justify a second use of sec. 752.35 to provide appellants yet a second opportunity to present evidence.

Fairness to respondent militates against a second reversal pursuant to sec. 752.35, Stats. No justifiable excuse is offered to overcome this consideration. A second remand because the controversy has not been fully tried is therefore not warranted.

*By the Court.*—Order affirmed.