Martha E. STIVARIUS, Plaintiff-Respondent,

v.

Marion DIVALL, individually and as Personal Representative of the Estate of Fred DiVall, a/k/a Frederick DiVall, deceased, David DiVall, individually and as Trustee of the Estate of Fred DiVall, a/k/a Frederick DiVall, deceased, and Richard DiVall, Defendants-Appellants-Petitioners.

Supreme Court

*No. 82–1583. Argued October 1, 1984.—Decided December 7, 1984.*

(Also reported in 358 N.W.2d 530.)

For the defendants-appellants-petitioners there were briefs by *Richard C. Ninneman, Thomas C. Ewing* and *Whyte & Hirschboeck, S.C.*, Milwaukee, and oral argument by *Mr. Ninneman.*

For the plaintiff-respondent there was a brief by *Jack McManus, Dennis J. Sieg* and *McManus Law Offices*, Madison, and oral argument by *Mr. McManus.*

SHIRLEY S. ABRAHAMSON, J.   This is a review of a published decision of the court of appeals, *Stivarius v. DiVall,* 117 Wis. 2d 62, 342 N.W.2d 782 (Ct. App. 1983), affirming an order of the circuit court for Grant county, William L. Reinecke, Circuit Judge. The order adjudged the plaintiff's action to be frivolous under sec. 814.025, Stats. 1981–82,[1] but refused to award the defendant attorney fees.

---

[1] Sec. 814.025, Stats. 1981–82, provides:

The parties raise three issues on this appeal: (1) Was there sufficient evidence upon which an award of attorneys fees could be based; (2) Do the appellate courts of this state have inherent supervisory powers over the practice of law to conduct an independent review to determine reasonable attorney fees; and (3) Is this an appropriate case for this court to exercise its discretionary power under sec. 751.06, Stats. 1981–82, to reverse the order and remand the matter to the circuit court in the interests of justice?[2] Upon careful review of the record in this case,

"814.025 Costs upon frivolous claims and counterclaims. (1) If an action or special proceeding commenced or continued by a plaintiff or a counterclaim, defense or cross complaint commenced, used or continued by a defendant is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

"(2) The costs and fees awarded under sub. (1) may be assessed fully against either the party bringing the action, special proceedings, cross complaint, defense or counterclaim or the attorney representing the party or may be assessed so that the party and the attorney each pay a portion of the costs and fees.

"(3) In order to find an action, special proceeding, counterclaim, defense or cross complaint to be frivolous under sub. (1), the court must find one or more of the following:

"(a) The action, special proceeding, counterclaim, defense or cross complaint was commenced, used or continued in bad faith, solely for purposes of harassing or maliciously injuring another.

"(b) The party or the party's attorney knew, or should have known, that the action, special proceeding, counterclaim, defense or cross complaint was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law."

[2] Sec. 751.06, Stats. 1981–82, provides:

"751.06 Discretionary reversal. In an appeal in the supreme court, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record, and may direct the entry of the proper judgment or remit the case to the trial court for the entry of the proper judgment or for a new trial, and direct the making of such

we conclude that the real controversy relating to the frivolousness of the action was never fully tried. Accordingly, we exercise our powers under sec. 751.06 to reverse the decision of the court of appeals and remit the case to the circuit court for further proceedings.

Because an understanding of the several prior judicial proceedings is necessary to decide this review, we begin by summarizing those proceedings. This review arose out of a lawsuit concerning a 1974 land contract between the parties. The suit was commenced in early 1979 by plaintiff, Martha Stivarius, the land contract vendor, against defendant, Marion DiVall, the land contract vendee, personally and in her representative capacities, and against other named defendants, seeking rescission and cancellation of the land contract, foreclosure of defendant's rights in the real estate and monetary damages for injuries to the land. The circuit court found against the plaintiff on the issues of rescission and foreclosure. The jury also found against the plaintiff and awarded no monetary damages. Consequently, the circuit court entered a judgment dismissing the complaint.

After the verdict the plaintiff moved for a new trial. The defendant moved for an order awarding costs and attorney fees under sec. 814.025, Stats. 1981–82, on the ground that the plaintiff's action was frivolous. Both parties submitted briefs on the motions, and the circuit court heard counsels' arguments and considered the trial record. The circuit court also received an affidavit submitted by the defendant's counsel in support of the motion for costs and attorney fees. The affidavit set forth a statement of the dates and number of hours worked, the nature of the tasks, and a calculation of attorney fees in the amount of $29,066.25. The circuit court denied the

amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

plaintiff's motion for a new trial and granted defendant's motion for attorney fees and costs.

The circuit court concluded that the plaintiff had given false testimony as a sworn witness, that she was motivated by ill will and a desire for revenge in filing suit, and that she intended to cause the defendant to endure excessive burdens or anxieties. The circuit court also found that the action was not frivolous with respect to the plaintiff's attorney and that the plaintiff's trial counsel was not liable for any of the attorney fees awarded to the defendant. The circuit court concluded that $29,066.25 was a reasonable amount for attorney fees and entered judgment against the plaintiff in that amount plus costs.

The plaintiff appealed to the court of appeals from the judgment dismissing her complaint and from the judgment awarding attorney fees and costs to the defendant. The court of appeals in an unpublished decision filed January 26, 1982, affirmed the dismissal of the complaint but indicated that three issues needed to be answered before an award of attorney fees and costs under sec. 814.025 could be made:

(1) whether plaintiff commenced a frivolous action;

(2) if so, the reasonableness of the defendant's attorney fees; and

(3) the appropriate allocation of those fees between the plaintiff and her trial counsel.

The court of appeals was critical of the proceedings before the circuit court. The court of appeals concluded that the circuit court should have held an evidentiary hearing and should have heard evidence before deciding whether the plaintiff's claim was frivolous. The court of appeals further concluded that the plaintiff was entitled, at the hearing in circuit court on a sec. 814.025 motion, first, to examine her trial attorney in an attempt to show that if the claim was frivolous he knew or should have known that fact, and second, to challenge the reasonableness of

the defendant's attorney fees and to examine the defendant's attorney for that purpose.

Because the circuit court had not fully considered the three issues, the court of appeals exercised its discretionary powers under sec. 752.35, Stats. 1981–82,[3] and reversed and remanded the matter to the circuit court.[4]

On remand the circuit court held a hearing. It is this hearing which is the focus of the second appeal to the court of appeals and this review.

It is apparent from the transcript of the circuit court hearing on remand that the circuit court and the parties were uncertain about what the court of appeals expected of them on remand. Apparently the hearing was to be an evidentiary hearing involving the three issues set forth by the court of appeals. When the hearing began, the defendant, as the moving party, was ready to proceed. The plaintiff, however, called her trial counsel at a witness out of turn. The plaintiff's trial counsel—an attorney other than her appellate counsel—testified that he be-

---

[3] Sec. 752.35, Stats. 1981–82, provides:

"752.35 Discretionary reversal. In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice."

[4] The court of appeals held in the first appeal that the plaintiff had failed to appeal from the order denying the assessment of fees and costs against her trial counsel. Therefore even if the circuit court on remand were to allocate any fees or costs to the plaintiff's trial counsel, no judgment could be entered assessing allocation against her trial counsel. The proper allocation of fees was still relevant, however, in that it would reduce any fees and costs the plaintiff would have to pay the defendant.

lieved that the plaintiff did not wilfully or knowingly lie to him about the facts in the case, that she did not maliciously bring this lawsuit, and that there was a reasonable and supportable basis for the action. He also testified as to the number of hours he spent on the case and the rate charged for his services.

The plaintiff asked her trial counsel whether he had an opinion as to whether or not the claim of the defendant's counsel that the law firm expended 400 hours on the case was reasonable. The plaintiff's trial counsel responded that he had no opinion on that. On cross-examination, the defendant asked the plaintiff's trial counsel what were the prevailing rates of attorney fees in Madison at the time of the trial. The plaintiff's trial counsel responded that he did not really know.

The plaintiff's appellate counsel stated that the plaintiff would testify at the appropriate time. The circuit court then requested counsel to proceed in presenting their cases.

There then occurred a colloquy among counsel and the circuit court relating to judicial notice. The circuit court agreed to "take judicial notice" of the trial record in this case, but, on the insistence of the plaintiff's counsel, it refused to take judicial notice of anything beyond that evidence produced during the trial.

The defendant then called Richard DiVall as a witness. Mr. DiVall testified as to conversations with the plaintiff in early 1979. The defendant introduced this testimony to show plaintiff's ill will to the defendant. The defendant's counsel then said he had no further witnesses to present at that time on the issue of reasonableness of attorney fees. He stated, "I believe that's been submitted to the Court. I rest on the record that's already been made." The defendant's counsel seemed to be referring to his firm's affidavit as to attorney fees which had been submitted at a post-verdict hearing and which he erroneously assumed was before the circuit court.

The plaintiff then asked for a short recess. After the recess, the plaintiff announced that she would present no other witnesses. "Resting" was a tactical decision; the plaintiff immediately moved the court to deny the defendant's motion for attorney fees on the ground that the defendant had failed to prove either that the plaintiff's action was frivolous or that the attorney fees were reasonable.

The defendant's counsel was faced with what became an insurmountable difficulty: Both sides had rested and the court had ruled that it would not take judicial notice of the post-verdict hearing at which the affidavit on attorney fees was submitted. Thus, the court would not consider the only evidence relating to the defendant's attorney fees (the affidavit), and it refused to reopen the hearing and allow testimony on that issue.

Upon considering the trial record and the testimony of the two witnesses at the evidentiary hearing, the circuit court once again held that the plaintiff's action was frivolous under sec. 814.025 and that the plaintiff's trial counsel was not liable for any portion of the fees or costs. The circuit court also held, however, that the defendant had failed to introduce any evidence as to the reasonableness and necessity of their attorney fees and therefore failed to meet her burden of proof on that issue. The circuit court denied the defendant's motion for attorney fees and at a later hearing refused to reconsider its order denying defendant's motion for fees and refused to allow the defendant to reopen the hearing to introduce further evidence.

The defendant appealed from the circuit court's order. The court of appeals affirmed the order, concluding that the post-verdict affidavit alone was an insufficient basis for an award of fees and that the circuit court did not abuse its discretion by refusing to reopen the hearing to permit testimony on the subject of fees. The court of appeals refused to exercise its discretion under sec. 752.35,

Stats. 1981–82, to reverse the circuit court a second time. It concluded that one discretionary remand in the interest of justice was enough. The defendant then petitioned this court for review, and we granted the petition.

We do not decide the first two issues raised by the defendant. We do not decide whether there was sufficient evidence upon which an award of attorney fees could be based, and we do not decide whether an appellate court has the inherent authority to conduct an independent review to determine the reasonableness of attorney fees. We do not decide these issues because when we look at the record in this case we conclude that these issues would not be dispositive. Whatever the resolution of these issues, this case should be remanded in the interest of justice.

This court has both the inherent authority and the express authority under sec. 751.06, Stats. 1981–82, to grant a new trial in the interest of justice, even where the circuit court has exercised its power to order or deny a new trial in the interest of justice. *State v. McConnohie,* 113 Wis. 2d 362, 369–71, 334 N.W.2d 903 (1983).[5] It is upon this basis, the exercise of our own authority to grant a new trial in the interest of justice, that we reverse the court of appeals and order a new hearing.

Numerous decisions of this court demonstrate our reluctance to exercise our discretion under sec. 751.06. We

[5] Although this court has the power to review the court of appeals' exercise of its discretion, this court does not ordinarily review a discretionary decision of the court of appeals. *State v. McConnohie,* 113 Wis. 2d 362, 369–71, 334 N.W.2d 903 (1983). Nevertheless, in *McConnohie* we said we could review a court of appeals' discriminatory reversal of a conviction under sec. 752.35, Stats. 1981–82, in the interest of justice to determine whether the exercise of discretion was based on an error of law. We are not in this case reversing the court of appeals' exercise of discretion. We are exercising our own discretionary authority to grant a new trial pursuant to sec. 751.06, Stats. 1981–82.

grant a new trial only in exceptional cases and then only with reluctance and great caution. We are especially reluctant to exercise our own authority when either the circuit court[6] or the court of appeals[7] has exercised its discretion to order a new trial in the interests of justice. Nevertheless, this court does exercise its power under sec. 751.06 in appropriate circumstances.

The rule guiding the court is that " 'a new trial in the interest of justice will be granted only if there has been an apparent miscarriage of justice and it appears that a retrial under optimum circumstances will produce a different result.' " *Garcia v. State,* 73 Wis. 2d 651, 654, 245 N.W.2d 654 (1976), quoting *Jones (George Michael) v. State,* 70 Wis. 2d 41, 56, 233 N.W.2d 430 (1975), and *State v. Elson,* 60 Wis. 2d 54, 69, 208 N.W.2d 363 (1973). *See also, State v. Cuyler,* 110 Wis. 2d 133, 142, 327 N.W.2d 662 (1983). This court has not, however, applied a mechanistic formula to determine when it should exercise its discretionary power under sec. 751.06. *See, e.g., Lorenz v. Wolff,* 45 Wis. 2d 407, 414, 173 N.W.2d 129 (1970); *Air Wisconsin, Inc. v. North Cent. Airlines, Inc.,* 98 Wis. 2d 301, 317–18, 296 N.W.2d 749 (1980).

These parties have been litigating for almost six years. Trial, hearings, appeals, and rehearings have all occurred. One should think that the controversy would have been fully tried by now and that the record would contain sufficient evidence upon which to decide all the issues raised by the parties. Such is not the fact.

On the first appeal to the court of appeals the plaintiff complained that she did not have the opportunity to put in evidence or challenge the defendant's claim for attorney fees. She urged the court of appeals to give her an opportunity to try the real controversy. At oral argument

---

[6] Sec. 805.15, Stats. 1981–82.

[7] Sec. 752.35, Stats. 1981–82.

before the court of appeals, "plaintiff's counsel represented that plaintiff wished to challenge the reasonableness of that fee [$29,066.25] if, after a hearing, plaintiff's lawsuit was determined to be frivolous." (Court of Appeals slip op. p. 11) On remand, despite her prior request, the plaintiff relinquished the opportunity to put in her evidence, and she totally failed to challenge the defendant's claim for attorney fees.

Similarly, the defendant on remand failed to introduce evidence to support her claim for attorney fees. The defendant's counsel assumed, albeit incorrectly, that the affidavit upon which the circuit court had previously awarded attorney fees of $29,066.25 was before the circuit court and that the plaintiff would challenge defense counsel's statement of charges since plaintiff had sought the hearing for this purpose. The defendant now claims that she did not have the opportunity to present evidence, and she seeks a remand so that the real controversy in issue may be tried.

The court of appeals is correct in asserting that litigation must end. *Chicago & N.W. R.R. v. Labor & Ind. Rev. Comm.*, 91 Wis. 2d 462, 283 N.W.2d 603 (Ct. App. 1979), *aff'd* 98 Wis. 2d 592, 297 N.W.2d 819 (1980). We are sympathetic with the view of the court of appeals that one remand in a case is all that is necessary. The court of appeals was obviously chagrined, as is this court, that the attorneys failed to litigate the three basic issues after having been given a second opportunity to do so. If, however, this case ends at this point, there is a serious question whether justice has been done.

There was obvious and understandable confusion as to the meaning of the court of appeals' first opinion remanding the case for an evidentiary hearing. That opinion may be read as holding either that the defendant had to reintroduce all evidence as to frivolousness and reasonableness of attorney fees, or alternatively, that defend-

ant's evidence was already before the circuit court and that the plaintiff had the opportunity to rebut that evidence. The comments of the circuit court reflect its confusion as to the decision of the court of appeals.

The plaintiff's counsel assumed that the defendant had the burden of proving all facts on the three issues. When the defendant failed to introduce evidence as to the reasonableness of the attorney fees, the plaintiff rested. The plaintiff's counsel argued that the defendant had not met her burden of proving the elements of all three issues so the defendant's motion for attorney fees should be rejected. The defendant's counsel, on the other hand, assumed that the evidence on the reasonableness of the fees was already before the court. The defendant's counsel rested after introducing evidence as to the frivolity of the suit and stated that the evidence on the reasonableness of the fee was already before the court.

Furthermore, the circuit court's decision appears internally contradictory. The circuit court found the plaintiff's action to be frivolous. Under sec. 814.025, Stats., if the court finds an action to be frivolous, it "shall award" reasonable attorney fees to the successful party. The trial record and the record at the evidentiary hearing demonstrate that the defendant's counsel spent significant time on this case. The plaintiff's counsel testified with regard to the number of hours he spent and his hourly rate. The inference from the record is that the defendant was entitled to some attorney fees. Nevertheless, the circuit court refused to award attorney fees to the defendant.

The circuit court's decision not to award attorney fees was based on the lack of evidence before the court. The fairness of this decision is questionable in light of the parties' confusion and the circuit court's refusal to reopen the hearing to allow evidence on this issue, when the court had decided that the record contained no evidence upon which the court could adjudicate the issue.

The power to reopen a case for additional testimony lies in the sound discretion of the trial court. *Estate of Javornik,* 35 Wis. 2d 741, 746, 151 N.W.2d 721 (1967). This court will not reverse a discretionary decision by a trial court unless there was no reasonable basis for that decision. *Wisconsin Public Service Corp. v. Krist,* 104 Wis. 2d 381, 395, 311 N.W.2d 624 (1981). Although we do not hold that the circuit court abused its discretion in not reopening the hearing, we believe that under the circumstances of this case it would have been a sounder exercise of judgment for the circuit court to have reopened the hearing and allowed additional testimony on all of the issues. This case had been remanded to the circuit court so that the real controversy could be tried fully. The parties and attorneys were still present at the time of the request to reopen the hearing; there was no jury; the evidence sought to be admitted was not duplicative and would not have caused any surprise or prejudice to the plaintiff since the plaintiff knew that the purpose of the hearing was to hear evidence on the frivolousness of the suit and the reasonableness of the fees.

The administration of justice is, and should be, a search for the truth. *Garcia v. State,* 73 Wis. 2d 651, 655, 245 N.W.2d 654 (1976). The search for truth is achieved through the implementation of the adversary system. Courts are to adjudicate the rights of parties who come before them, and attorneys assist courts in this process by zealously representing their clients. Rules of procedure govern the process of the court's adjudication of controversies. They are important because they ensure that trials proceed in an orderly manner. Nonetheless, rules of procedure and the adversary system are not ends in themselves; they are tools the court and the parties use in the administration of justice. The ad-

versary system must be tempered by the recognition that the administration of justice and the search for truth are of the highest priority. Thus, where counsel, through inadvertence, fails to prove some vital fact at the proper time, the client should not necessarily be penalized because of such failure if it is apparent from the record that the client has a meritorious claim. *See Siemers v. Meeme Mut. Home Protection Ins. Co.*, 143 Wis. 114, 124, 126 N.W. 669 (1910).

This is a close case for the exercise of our discretion. Nonetheless, we believe the facts of this case warrant our exercise of our discretionary reversal authority pursuant to sec. 751.06. There is an apparent miscarriage of justice. The controversy has never been fully tried. Accordingly, we reverse the court of appeals, and we remand the case to the circuit court for further proceedings to determine the following three issues:

1. Whether the plaintiff commenced a frivolous action as defined in sec. 814.025, Stats. 1981–82;

2. If so, the reasonableness of the defendant's attorney fees; and,

3. If the action is held to be frivolous, the proper allocation of defendant's attorney fees between the plaintiff and her trial counsel.[8]

We remand on the issues of frivolousness and allocation of fees as well as the reasonableness of the fees because of our concern that no party should be prejudiced on this remand. The circuit court stated that the plaintiff abandoned the issues of frivolousness and allocation of fees. If we were to remand only the issue of reasonableness of the fees we would preclude the plaintiff from introducing evidence and arguing that the suit was not frivolous or

[8] This issue is still relevant since the allocation could reduce any fees and costs the plaintiff would have to pay the defendant if the suit is found to be frivolous and fees and costs are awarded to the defendant. See note 4 *supra*.

that the fees should be allocated against her trial attorney. In effect we would be holding that the plaintiff's decision to rest was conclusive as to the plaintiff but that the defendant's decision to rest was not conclusive as to the defendant. All three issues are remanded so that each party is free to establish its claims and defenses on these issues.

We direct the circuit court to schedule a hearing for the purpose of receiving such evidence as may properly be brought before it on these three issues. In addition to any facts presented at this hearing, in reaching its decision the circuit court should consider the entire record in this matter, including the trial record, the record of the post-verdict hearings, and the hearings on remand from the first decision of the court of appeals.

*By the Court.*—Decision of the court of appeals reversed; order of the circuit court reversed; cause remanded to the circuit court for further proceedings consistent with this opinion.