Molly K. BORRESON,
Petitioner-Respondent,

v.

Craig J. YUNTO,
Respondent-Appellant.

Court of Appeals

*No. 2005AP190. Submitted on briefs August 10, 2005.
—Decided March 23, 2006.*

**2006 WI App 63**

(Also reported in 713 N.W.2d 656.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Ginger L. Murray* and *Heather L. Curnutt* of *Lawton & Cates, S.C.*, Madison.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *Kenneth R. Sipsma* and *Erika L. Bierma* of *Sipsma, Hahn & Brophy, L.L.C.*, Madison.

Before Dykman, Vergeront and Deininger, JJ.

¶ 1. DYKMAN, J. Craig Yunto appeals from an order rejecting his request for attorney fees and costs in his action to enforce a physical placement order. Yunto contends WIS. STAT. § 767.242(5)(b)1.b. (2003–04)[1] mandates the award of attorney fees when a court finds that one has been unreasonably and intentionally denied periods of physical placement. Yunto further contends that his failure to show the amount of his attorney fees during the physical placement hearing does not bar an award of attorney fees. We agree and remand for the circuit court to order an award of attorney fees and costs in an amount the court determines to be reasonable.

## Background

¶ 2. On December 18, 2003, the circuit court entered a physical placement order concerning Payton, the minor son of Molly Borreson and Craig Yunto. The order awarded primary placement of Payton to Borreson and granted Yunto placement approximately every other weekend. On September 13, 2004, Yunto petitioned the court to enforce the placement order. Yunto averred that Borreson had kept Yunto from having placement of Payton for four consecutive weekends. At a November 4 hearing on the petition, Borreson testified that Yunto's ex-girlfriend told her that Yunto had exposed Payton to sexual activity. She stated she had denied Yunto placement because she believed he was under investigation for this behavior and other in-

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

stances of sexual misconduct.[2] The circuit court found Borreson in contempt of the placement order and subsequently issued an order enforcing the placement order.

¶ 3.　Upon cross-examination of Borreson, Yunto moved to admit a copy of a bill detailing Yunto's attorney fees and costs that Yunto's attorney had faxed to Borreson's attorney. The court ruled that the bill was inadmissible because Borreson's personal knowledge of the letter was subject to attorney-client privilege. The court included the bill in the hearing record but refused to admit it in evidence.

¶ 4.　At the conclusion of the hearing, Borreson objected to the award of attorney fees and costs because no record of such fees and costs was in evidence. The court denied the award of attorney fees and costs, then stated that, as "a way of . . . reach[ing] a fair result," it would modify its order of appointment of the guardian ad litem to require that Borreson pay all of the first fifteen hours of the guardian ad litem's fees for the enforcement proceedings.

¶ 5.　The court issued a written order enforcing the placement order on November 24, which included a denial of Yunto's attorney fees and costs and Borreson's liability for guardian ad litem fees. Later that day, Yunto filed a motion to reconsider the court's order denying his request for attorney fees. Yunto appended an affidavit in support of his motion that included detailed billing records showing that from September 10 to November 23, Yunto incurred $7,386.00 in attorney fees and costs. The court denied Yunto's motion to

---

[2] A county social worker and a Beaver Dam police department investigator both testified that each had separately investigated these allegations and determined that they were unsubstantiated.

reconsider. Yunto appeals from both the order denying attorney fees and the order denying his motion to reconsider.

*Standard of Review*

¶ 6. We review a circuit court's decision on a motion for reconsideration under the erroneous exercise of discretion standard. *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 6, 275 Wis. 2d 397, 685 N.W.2d 853. We apply the same standard of review to a circuit court's award of attorney fees and costs. *Village of Shorewood v. Steinberg*, 179 Wis. 2d 191, 204, 496 N.W.2d 57 (1993). A circuit court erroneously exercises its discretion when it fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion. *Brown County v. Shannon R.*, 2005 WI 160, ¶ 37, 286 Wis. 2d 278, 706 N.W.2d 269. This case also concerns the interpretation of a statute, a question of law we review de novo. *Village of Cross Plains v. Haanstad*, 2006 WI 16, ¶ 9, 288 Wis. 2d 573, 709 N.W.2d 447 (WI Feb. 14, 2006) (No. 2004AP2232).

*Discussion*

¶ 7. Yunto contends that the circuit court erroneously exercised its discretion by denying his motion to reconsider the order rejecting his request for attorney fees. He asserts the trial court applied the wrong legal standard to its decision because it treated the award of attorney fees as a matter of discretion when Wis. Stat. § 767.242(5)(b)1.b. provides that the court must award attorney fees if it finds that the petitioner was unrea-

sonably denied periods of physical placement. Borreson contends that the statute is ambiguous because it neither defines "attorney fees" nor "specif[ies] that the award of attorney fees must go to the opposing counsel . . . or . . . state that the attorney fees must be paid to the party bringing the enforcement action." Borreson asserts that, regardless, the circuit court's denial of the motion for reconsideration was not an erroneous exercise of its discretion because the court lacked a proper basis on which to make an award of attorney fees because no record of the fees was entered into evidence.

■

¶ 8.   "[S]tatutory interpretation begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry." *State ex rel. Kalal v. Circuit Court*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (citation omitted). If our examination of the text of a statute "yields a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning." *Id.*, ¶ 46 (citation omitted).

■

¶ 9.   Wisconsin Stat. § 767.242(5)(b)1. provides that a judge or court commissioner "[s]hall . . . . [a]ward the petitioner a reasonable amount for the cost of maintaining an action under this section and for attorney fees" to a petitioner seeking enforcement of a placement order when the court finds the respondent "intentionally and unreasonably denied the petitioner" physical placement.[3] The use of the word "shall" gener-

---

[3] Wis. Stat. § 767.242(5) provides in relevant part:

> Hearing; remedies. (a) A judge or circuit court commissioner shall hold a hearing on the petition no later than 30 days after the petition has been served . . . .

ally indicates that a provision is mandatory. *See Mucek v. Nationwide Communications, Inc.*, 2002 WI App 60, ¶ 34, 252 Wis. 2d 426, 643 N.W.2d 98 (citation omitted) (" 'May' is generally construed as permissive and 'shall' is generally construed as mandatory, unless a different construction is demanded by the statute to carry out the clear intent of the legislature.").

■

¶ 10.   Moreover, WIS. STAT. § 767.242(5)(b) lists such orders a judge or court commissioner "shall" issue, and those he or she "may" issue, indicating the legislature intended the former set to be mandatory and the latter to be permissive. *See State v. Sprosty*, 227 Wis. 2d 316, 324, 595 N.W.2d 692 (1999) (citation omitted) (when legislature uses the words 'shall' and 'may' in a particular statutory section, it is aware of the words' distinct meanings). Finally, in the particular case of

---

(b) If, at the conclusion of the hearing, the judge or circuit court commissioner finds that the respondent has intentionally and unreasonably denied the petitioner one or more periods of physical placement or that the respondent has intentionally and unreasonably interfered with one or more of the petitioner's periods of physical placement, the court or circuit court commissioner:

1. Shall do all of the following:

. . . .

b. Award the petitioner a reasonable amount for the cost of maintaining an action under this section and for attorney fees.

2. May do one or more of the following:

a. . . . issue an order specifying the times for the exercise of periods of physical placement.

b. Find the respondent in contempt of court under ch. 785.

c. Grant an injunction ordering the respondent to strictly comply with the judgment or order . . . .

attorney fee statutes, the state supreme court has held that "use of the term 'shall' denotes that attorney fee awards are mandatory." *Standard Theatres, Inc. v. State, Dept. of Transp., Div. of Highways*, 118 Wis. 2d 730, 739, 349 N.W.2d 661 (1984) (citing *First Wisconsin Nat. Bank v. Nicolaou*, 113 Wis. 2d 524, 536, 335 N.W.2d 390 (1983)). We therefore conclude that the use of "shall" indicates that the award of "a reasonable amount for the cost of maintaining an action under this section and for attorney fees" is mandatory.

¶ 11. Borreson's view that the statute does not indicate who is to be paid the attorney fees is mistaken. The statute plainly states that that the court "[s]hall . . . award *the petitioner* a reasonable amount for the cost of maintaining an action under this section and for attorney fees." WIS. STAT. § 767.242(5)(b)1. (emphasis added).

¶ 12. Borreson's next contends that the statute is ambiguous because it does not define "attorney fees." She suggests that another expense associated with a petition to enforce a placement order, guardian ad litem fees, may be included in the definition of "attorney fees." Borreson thus contends that the order mandating her payment of guardian ad litem fees met the statutory requirement that the court award attorney fees. We disagree.

¶ 13. In *Bernier v. Bernier*, 2006 WI App 2, 288 Wis. 2d 743, 709 N.W.2d 453 (WI Dec. 15, 2005) (No. 2004AP625), we recently addressed the award of guardian ad litem fees in actions to enforce physical placement orders. Concluding that courts were required to award guardian ad litem fees to prevailing parties in such proceedings, we treated guardian ad litem fees as part of "the cost of maintaining an action under WIS. STAT. § 767.242(5)(b)1.b." and not as part of "attorney

fees" under that subdivision. *Bernier*, 709 N.W.2d 453, ¶ 17. We therefore conclude that "attorney fees" under § 767.242(5)(b)1.b. are the fees of the petitioner's attorney and do not include the fees of the guardian ad litem. Accordingly, we conclude that the circuit court's order that Borreson pay guardian ad litem fees does not satisfy the statute's requirement of an award of attorney fees.

¶ 14.   Borreson further contends that the court did not erroneously exercise its discretion in denying the award of attorney fees and the motion to reconsider because the trial court did not receive a record of Yunto's attorney fees into evidence at the hearing, citing *Stivarius v. DiVall*, 117 Wis. 2d 62, 342 N.W.2d 782 (Ct. App. 1983), *rev'd on other grounds*, 121 Wis. 2d 145, 358 N.W.2d 530 (1984) (circuit court properly denied award of attorney fees when no record of attorney fees was introduced into evidence at postjudgment hearing). We again disagree.

¶ 15.   WISCONSIN STAT. § 767.242(5)(b) does not state that documentation of attorney fees must be received into the evidentiary record of a hearing on the merits of a petition filed under that section in order for a court to make an award of attorney fees. Other cases establish that it is common practice for parties to litigate the amount of attorney fees in proceedings that follow a court's determination of the substantive issues. *See, e.g., Stan's Lumber, Inc. v. Fleming*, 196 Wis. 2d 554, 574 n.9, 538 N.W.2d 849 (Ct. App. 1995) ("[W]here a statute authorizes reasonable attorney's fees, such determination is properly performed by the trial court after the jury has returned a verdict favorable to the claimant."). Moreover, the only directive the statute provides concerning when the court is to consider the

240

question of attorney fees is that the award of such fees occur "at the conclusion of the hearing." Section 767.242(5)(b). This separation of the substantive issue to be decided and the attorney fee determination is appropriate, and suggests that evidence relevant to the attorney fee determination may be introduced at some point after the conclusion of the hearing.

¶ 16. *Stivarius* is readily distinguishable. *Stivarius* followed our remand in *Stivarius v. DiVall*, No. 1981AP456, unpublished slip op. (Wis. Ct. App. Jan. 26, 1982), for the circuit court to conduct an evidentiary hearing to determine whether a claim that had been dismissed was frivolous, and, if so, to award a reasonable amount of attorney fees and costs under WIS. STAT. § 814.025 (1981–82).[4] *Stivarius*, 117 Wis. 2d at 64–66. Thus, when the appellant failed to introduce evidence of attorney fees during the remanded proceedings even after we had explicitly directed that the amount of fees be determined, we affirmed the trial court's denial of attorney fees. We explained: "[A]ny inherent power in the trial court to determine reasonable fees was limited by the remand order to resolve the disputed fees through an evidentiary hearing." *Id.* at 67.

¶ 17. Finally, we note that Yunto made diligent efforts to bring documentation of his attorney fees to the court's attention in his motion to reconsider. He submitted the motion for reconsideration with an affidavit containing a detailed record of attorney fees and

---

[4] WISCONSIN STAT. § 814.025 (1981–82) provided in pertinent part:

**Costs upon frivolous claims and counterclaims.** (1) If an action . . . is found, at any time during the proceedings or upon judgment, to be frivolous by the court, the court shall award to the successful party costs determined under s. 814.04 and reasonable attorney fees.

costs on the same day that the trial court issued its order denying the award of attorney fees.

¶ 18.   In sum, because we conclude that the circuit court failed to order the award of attorney fees and costs as required by WIS. STAT. § 767.242(5)(b)1.b. and failed to consider evidence of those fees submitted after Yunto had prevailed on his petition, we conclude the court's denial of Yunto's motion for reconsideration was an erroneous exercise of its discretion. We also conclude that Yunto may request on remand that the circuit court award him reasonable attorney fees and costs incurred in pursuing this appeal. *See Sheely v. Wisconsin Dept. of Health & Social Services*, 150 Wis. 2d 320, 339–40, 442 N.W.2d 1 (1989) (concluding prevailing party was entitled to attorney fees under fee-shifting statute that did not explicitly provide for recovery of attorney fees incurred on appeal because party's pursuit of appeal was necessary to fulfill legislative intent of the statute); *see also Bernier*, 709 N.W.2d 453, ¶ 16 (purposes of WIS. STAT. § 767.242(5)(b)1.b. are to provide "a financial disincentive to custodial parents who interfere with the physical placement rights of the non-custodial parent" and "a more robust mechanism to enforce a parent's physical placement rights"). Accordingly, we reverse and remand with instructions to order an award of attorney fees in an amount the court determines to be reasonable.

*By the Court.*—Order reversed and cause remanded with directions.