**COURT OF APPEALS
DECISION
DATED AND FILED**

**March 26, 2026**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP240**

**STATE OF WISCONSIN**

Cir. Ct. No. 2022PR126

**IN COURT OF APPEALS
DISTRICT IV**

IN THE MATTER OF VIRGINIA L. ADAMS REVOCABLE TRUST:

RONALD G. ADAMS AND JEFFREY W. ADAMS,

   PETITIONERS-RESPONDENTS,

 V.

MAURICE A. ADAMS AND STEPHEN T. ADAMS,

   BENEFICIARIES-APPELLANTS,

ESTATE OF JAMES B. SCHOMMER,

   TRUSTEE-RESPONDENT.

APPEAL from an order of the circuit court for Columbia County: ROGER L. KLOPP, Judge. *Affirmed.*

Before Kloppenburg, Nashold, and Taylor, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. Maurice Adams and Stephen Adams appeal a circuit court order approving a settlement agreement between Ronald Adams and Jeffrey Adams, and the Estate of James B. Schommer.[1]  We affirm.

## BACKGROUND

¶2      Ron, Jeff, Maurice, and Stephen are siblings and were beneficiaries of a trust created by their mother (the Trust).  The Trust's assets included cash, as well as shares in real estate and limited liability companies (LLCs).  After their mother died, James Schommer was appointed as trustee, and under the Trust he was to divide the Trust's assets into equal shares for Ron, Jeff, Maurice, and Stephen.

¶3      Ron and Jeff brought suit against Schommer, alleging that Schommer breached his duties as trustee by mismanaging the Trust, particularly in order to benefit Maurice and Stephen, and to the detriment of Ron and Jeff.  Specifically, Ron and Jeff alleged the following.  For purposes of distributing the Trust's assets, Ron and Jeff desired to receive cash, while Maurice and Stephen desired to receive shares in LLCs and real estate.  Schommer favored Maurice and Stephen at Ron and Jeff's expense by increasing the assets distributed to Maurice and Stephen in order to account for estimated tax payments and selling expenses that would be incurred in the event that Maurice and Stephen were to sell their

---

[1] Because Ron, Jeff, Maurice, and Stephen share a last name, we refer to them by their first names.  Consistent with their briefing, we refer to Ronald as "Ron" and to Jeffrey as "Jeff."

shares in the future. Schommer also used outdated information in devising the distribution plan, including using outdated and "substantially undervalued" appraisals when determining the value of the Trust's assets; failed to provide Ron and Jeff with current information regarding the Trust; and did not maintain adequate records regarding his administration of the Trust. In discovery responses, Ron and Jeff also identified two categories of damages by reference to an expert report that they had prepared by a forensic accountant: (1) amounts that Schommer billed the Trust that they claimed were unsubstantiated; and (2) amounts that they claimed Schommer improperly paid to Maurice's son on behalf of the Trust for management and consulting fees. After Ron and Jeff filed suit, Schommer died, and his estate was substituted as a party.

¶4 Through mediation, Ron and Jeff reached a settlement agreement with Schommer's estate. Pursuant to the settlement, Schommer's estate would pay Ron and Jeff $250,000 to settle their claims. Maurice and Stephen, who were not parties to the lawsuit, did not participate in mediation.[2] As Maurice and Stephen explain on appeal, they did not join the lawsuit against Schommer because they did not believe that Schommer had done anything wrong.

¶5 Ron, Jeff, and Schommer's estate moved the circuit court to approve the settlement agreement. Maurice and Stephen opposed the motion, arguing that the settlement proceeds should be paid to the Trust.

---

[2] The settlement agreement initially required that Maurice, Stephen, and the trustee who succeeded Schommer sign releases. That requirement was taken out of the final settlement agreement after Maurice and Stephen refused to sign releases.

¶6      The circuit court approved the settlement agreement. The court reasoned that "if Maurice and Stephen had wanted to join the action against the Estate of Schommer, they should have done it at the time it was filed. In some ways, it [would] almost be like an unjust enrichment where they would gain from the actions of another party and they wouldn't be entitled to it if they hadn't previously joined that action." Maurice and Stephen appeal.[3]

## DISCUSSION

¶7      Ron, Jeff, and Schommer's estate argue that we review a circuit court's approval of a settlement agreement for an erroneous exercise of discretion, citing *Loy v. Bunderson*, 107 Wis. 2d 400, 402, 320 N.W.2d 175 (1982) (reviewing a circuit court's approval of a proposed release of the named insured and his insurance company). Maurice and Stephen do not address the standard of review for a court's approval of a settlement agreement, and instead note that we review de novo the interpretation and application of a statute to undisputed facts. Putting aside the issue of whether the facts here are undisputed, because Maurice and Stephen do not cite law disputing that the approval of a settlement agreement is a discretionary decision that we review for an erroneous exercise of discretion, we apply that standard of review here. *See Charolais Breeding Ranches, Ltd. v. FPC Sec. Corp.*, 90 Wis. 2d 97, 108-09, 279 N.W.2d 493 (Ct. App. 1979)

---

[3] The respondent's brief submitted by Ron, Jeff, and Schommer's estate does not comply with WIS. STAT. RULE 809.19(8)(bm), which addresses the pagination of appellate briefs. *See* RULE 809.19(8)(bm) (providing that, when paginating briefs, parties should use "Arabic numerals with sequential numbering starting at '1' on the cover"). As our supreme court explained when it amended the rule, the pagination requirement ensures that the numbers on each page of the brief "will match … the page header applied by the eFiling system, avoiding the confusion of having two different page numbers" on every page of a brief. S. CT. ORDER 20-07 cmt. at x1.

All references to the Wisconsin Statutes are to the 2023-24 version.

(unrefuted arguments are deemed conceded). "A circuit court erroneously exercises its discretion when it fails to examine the relevant facts, applies the wrong legal standard, or does not employ a demonstrated rational process to reach a reasonable conclusion." *Borreson v. Yunto*, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656; *see also* *Cook v. Cook*, 208 Wis. 2d 166, 171-72, 560 N.W.2d 246 (1997) ("An exercise of discretion based on a mistaken view of the law is an erroneous exercise of discretion."). "The burden to demonstrate an erroneous exercise of discretion rests with the appellant." *Winters v. Winters*, 2005 WI App 94, ¶18, 281 Wis. 2d 798, 699 N.W.2d 229.

¶8 Maurice and Stephen argue that the circuit court erred when it approved the settlement agreement because they contend that it was the Trust that suffered harm but the settlement benefits only Ron and Jeff. However, Maurice and Stephen do not argue that the court erroneously exercised its discretion or frame their arguments under this standard of review. We construe their argument to be that the court erroneously exercised its discretion by basing its exercise of discretion on a mistaken view of the law. As we explain, Maurice and Stephen fail to show that the court relied on a mistaken view of the law. Accordingly, we affirm the court's decision.

¶9 In arguing that the settlement proceeds belong to the Trust rather than to Ron and Jeff personally, Maurice and Stephen rely on the nature of Ron and Jeff's claims as set forth in their pleadings, on the categories of damages identified in the expert report, and on Ron and Jeff's responses to interrogatories regarding the damages sought. Maurice and Stephen argue that "the alleged damages being settled stemmed from alleged overpayments by the Trust, and therefore incurred by *the Trust*, not individually by Ron and Jeff," and that there "is no basis for Ron and Jeff to individually keep a settlement payment for damage

that was caused to the Trust and for claims they were pursuing on the Trust's behalf." Maurice and Stephen also challenge the circuit court's decision as "unsupported."

¶10 Contrary to Maurice and Stephen's characterization of the allegations, expert report, and discovery responses, the alleged damages were not only to the Trust, but included damages specific to Ron and Jeff. For example, as discussed, Ron and Jeff alleged that Schommer's conduct favored Maurice and Stephen while harming Ron and Jeff, and they specifically sought "[a] finding that Schommer … committed a material breach of the Trust and … breached his fiduciary duty to Ron Adams and Jeff Adams." Ron and Jeff further pleaded that they, "as beneficiaries, are entitled to compensation and other remedies from Schommer … for his material breach of the Trust." Maurice and Stephen do not explain why the settlement proceeds do not compensate Ron and Jeff for the damages specific to them.

¶11 In any event, Maurice and Stephen fail to show that the circuit court applied a mistaken view of the law. Significantly, the only legal authority that Maurice and Stephen provide in support of their argument that the settlement proceeds belong to the Trust is WIS. STAT. § 701.1002(1)(a). Quoting this statute, they argue that "the remedy for a trustee who commits a breach of trust … is a judgment for the 'amount required to restore the value of the trust property … to what they would have been had the breach not occurred.'" This argument overlooks that the first part of § 701.1002(1) states that "[a] trustee who commits a breach of trust is liable *to an affected beneficiary*[.]" (Emphasis added.) Maurice and Stephen do not explain how they were affected, to their detriment, by Schommer's alleged conduct. Nor do they explain how this legal authority supports the proposition that a circuit court may not approve a settlement

agreement that benefits only the beneficiaries who brought the breach of trust claim in order to resolve that claim.

¶12 Maurice and Stephen also assert that "[t]he Trust Code provides no basis for a beneficiary to unilaterally retain benefits of a claim that belongs to the Trust." However, other than WIS. STAT. § 701.1002 discussed above, they do not cite any specific statutory provision to support this assertion. Accordingly, Maurice and Stephen fail to show that the circuit court relied on a mistaken view of the law.

¶13 Maurice and Stephen additionally assert in a footnote that Ron and Jeff, by claiming to be entitled to the settlement proceeds and "that the damages are personal to them," violated the doctrine of judicial estoppel by changing their legal position. For judicial estoppel to apply, the party must convince a court to adopt one position before subsequently asserting an inconsistent one. *See Mrozek v. Intra Fin. Corp.*, 2005 WI 73, ¶22, 281 Wis. 2d 448, 699 N.W.2d 54. Ron, Jeff, and Schommer's estate argue, and Maurice and Stephen do not dispute in their reply brief, that this requirement is not met here—that is, Ron and Jeff did not convince the circuit court to adopt a position contrary to their current position that the settlement proceeds belong to them and not to the Trust. We treat Maurice and Stephen's failure to respond to this argument as a concession, and on that basis we reject Maurice and Stephen's reliance on the doctrine of judicial estoppel. *See United Coop. v. Frontier FS Coop.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (failure by appellant to respond in reply brief to an argument made in respondent's brief may be taken as a concession).

¶14 In sum, Maurice and Stephen fail to show that the circuit court relied on a mistaken view of the law. And Maurice and Stephen do not alternatively

show, or appear to even argue, that the court failed to examine the relevant facts or did not employ a demonstrated rational process to reach a reasonable conclusion. *See Borreson*, 292 Wis. 2d 231, ¶6. Accordingly, Maurice and Stephen have not met their burden of establishing that the court erroneously exercised its discretion.

## CONCLUSION

¶15 For the reasons stated, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.