Kunz, Appellant, vs. Whitney and another, Respondents.

*May 2—May 21, 1918.*

*Vendor and purchaser of land: Strict foreclosure: Election by vendor as to unpaid note for part of purchase price: Right to recover on note.*

1. By the terms of a land contract a note given by the purchasers was to apply, when paid, as a part of the purchase price.    In an action for strict foreclosure of the contract the vendor elected to treat the amount of said note as a part of the amount to be paid by the purchasers as a condition of relief from their default.    Upon their failure to pay, he obtained possession of the land and the foreclosure judgment was made absolute. *Held*, that he could not thereafter enforce payment of the note.
2. Neither the fact that a different rate of interest was to be paid on said note than on other payments provided for in the land contract, nor the fact that the rental value of the premises while occupied by the purchasers was in excess of all payments made by them, gives the vendor any right to recover on ·the note.

Appeal from a judgment of the circuit court for Milwaukee county: Walter Schinz, Circuit Judge.    *Affirmed.*

The appeal is from a judgment reversing a judgment of the civil court of Milwaukee county and dismissing the plaintiff's complaint.

The plaintiff and appellant, owner of certain real estate in the city of Milwaukee, made a written contract of sale with defendants for such property at the purchase price of $8,000, $100 paid at the time of the signing of the contract, October 12, 1914; $50 or more per month to apply on the principal; interest at five per cent. on all deferred payments, payable semi-annually and to be adjusted annually; the defendants then giving to the plaintiff a note secured by a trust deed on property located in Duluth, Minnesota, for $1,000 at six per cent., payable on or before June 1, 1915; the contract further providing that when said note is paid it shall apply as part of the purchase price, and that when the defendants had paid down $5,000 they were to receive a warranty deed and to give a mortgage for the balance of the purchase price.

The contract further contained customary provisions as to the defendants insuring the property and paying taxes thereon, and that, in case the defendants should fail or neglect to make any payment provided for in the contract at the time when the same became due and payable, the whole of the principal sum then unpaid, together with interest, shall be deemed to have become due and payable.

It also provided that if the defendants failed to make any of the payments of purchase money or interest at the times or in the manner specified, or should violate any of the provisions of the contract, the contract might then, at the option of the plaintiff, thenceforth be utterly void and all payments thereon forfeited, subject only to be revived and renewed by the act of the plaintiff or the mutual agreement of the parties.

Plaintiff commenced suit in the civil court of Milwaukee county to recover upon the $1,000 note above specified, together with interest thereon from October 12, 1914.

Defendants in answer pleaded, and evidence was received

establishing as facts, that prior to the commencement of this action upon the $1,000 note the plaintiff commenced an action against the same defendants in the circuit court for Milwaukee county for a strict foreclosure of the land contract, alleging therein, among other things, the execution and delivery of the identical note herein involved; that a judgment of strict foreclosure upon appropriate findings in such action was made in March, 1916, in which the findings of fact recited that the defendants had failed to pay the $1,000 evidenced by said note, and that, including such $1,000, the defendants were at such time in arrears on said land contract in the sum of $2,105.40; that by such judgment of foreclosure it was provided that the defendants should have sixty days from service of notice of entry of such judgment to pay such sum of $2,105.40, together with interest and costs, and that unless such payment was made the defendants should be foreclosed of all and any right or claim in and to such real property and that possession thereof should be given to the plaintiff; that such notice of entry of judgment was served upon defendants, that they failed to make redemption thereof, that a writ of assistance was obtained by the plaintiff and thereupon he obtained possession of the real property, and then, upon his motion, said judgment of strict foreclosure was made absolute.

The plaintiff offered evidence to the effect that the rental value of the premises during the time they were in possession of the defendants under such land contract was about $800 in excess of all payments made by them during that period; that the property was sold for $200 less than the defendants were to pay for it; and that there were insurance, taxes, and repairs necessarily paid by plaintiff on account of such occupancy by the defendants. This on plaintiff's theory that such showed that defendants had received value for such note.

Judgment was rendered in civil court in favor of plaintiff for the amount of the $1,000 note, together with interest.

Upon appeal to the circuit court the judgment was reversed and the action dismissed upon the merits. From such judgment the plaintiff appealed to this court.

*Max J. Leutermann* of Milwaukee, attorney, and *C. F. Lamb* of Madison, of counsel, for the appellant.

For the respondents there was a brief by *Aarons & Niven* of Milwaukee, and oral argument by *John M. Niven*.

ESCHWEILER, J. Appellant contends that the terms of the land contract were such that, even after a retaking of possession of the land pursuant to a foreclosure of the land contract in which the identical $1,000 evidenced by the note herein in suit was considered as a part of the amount required to be paid by the vendees as a condition of their being relieved of their default, he may still treat the $1,000 note as a subsisting enforceable obligation.

The contract, however, provided that when paid the note shall apply as part of the purchase price. The note was not paid when the foreclosure action was commenced and the plaintiff then elected to treat it as a part of the subject matter to be disposed of in that suit; saying in effect that he desired either payment of this note and the other amounts then due or title to the land.

If the defendants had paid the determined amounts they would have been reinstated in the contract and the note would have been paid and canceled. Their failure to pay left the other alternative to plaintiff, which he accepted. He again became the owner and in possession of the land, and the contract between the parties was effectually canceled as of the time of the judgment. The note here, as between the parties, had no more effect than if embodied as a clause in the contract as a promise to pay $1,000 as of the date when the note was to become due. When plaintiff took the land he thereby relieved defendants from any unperformed obligations of the contract, for he could not have both the land and also any future benefits

secured by the contract. His present position towards this $1,000 is inconsistent with the position that he assumed towards the same item in the perfected foreclosure proceedings. Having so elected he is bound. *Shenners v. Pritchard,* 104 Wis. 287, 80 N. W. 458; *Foster v. Lowe,* 131 Wis. 54, 110 N. W. 829; *Waite v. Stanley,* 88 Vt. 407, 92 Atl. 633, L. R. A. 1916C, 886 and note p. 893; *Roney v. H. S. Halvorsen Co.* 29 N. Dak. 13, 149 N. W. 688; 39 Cyc. 1923; *Wotring v. Shoemaker,* 102 Pa. St. 496; *Steiner & Sons v. Baker,* 111 Ala. 374, 19 South. 376.

That a different rate of interest was provided to be paid on the note than on other payments required under the contract is immaterial. That the defendants may have benefited by the use of the property, rent and tax free, or that they may have decreased its value, cannot affect the result herein. Such matters might have been proper for consideration in the foreclosure action or in an action to enforce the contract, if plaintiff had elected to bring such, but cannot be considered here.

*By the Court.*—Judgment affirmed.