ARTHUR J. STRAUS COMPANY, Respondent, vs. WEISKOPF, Trustee in Bankruptcy of W. Frank Horn Co., Inc., imp., Appellant.

*March 9—April 3, 1923.*

*Vendor and purchaser: Judgment of foreclosure: Subsequent bankruptcy of vendee: Application to reopen judgment: Discretion of court: Control over judgments: Enlargement of redemption period: Grounds: Inconsistent actions by vendor: Sale of collateral securing instalment of contract: Waiver of objection.*

1. Where a judgment foreclosing a land contract and fixing a period of redemption was sought to be reopened by defendant's trustee in bankruptcy on the ground that he could produce a purchaser for the property who would be able to pay plaintiff's debt and all other liens, it was not an abuse of discretion to deny the application, the petition naming no purchaser nor any specific amount that would be paid, nor making any showing why no prior attempt had been made on behalf of the creditors of the bankrupt to obtain proper relief in that action or in the federal court.

2. The general power of the court over its own judgments had expired in this case because one full term of court had elapsed as well as the sixty-day period prescribed in sec. 113.10, Stats.

3. A judgment in an action to foreclose a land contract and fixing a time for redemption is final, and the power of the court is limited to granting the relief permitted under sec. 2832.

Stats., providing that at any time within one year after notice of entry of judgment a party thereto may be relieved on account of mistake, inadvertence, surprise, or excusable neglect.

4. The mere institution of bankruptcy proceedings against the purchaser did not stay the running of the terms of the judgment of foreclosure or affect the right of redemption therein provided.

5. Sec. 2831, Stats., authorizing the court to enlarge the time within which proceedings may be taken in any action, is inapplicable in the absence of any ground upon which it might properly be asserted.

6. Where defendant had pledged personal property to secure an instalment payment on a land contract, which was later foreclosed, plaintiff's foreclosure of the contract and the subsequent sale of the collateral were not inconsistent, because the pledge of the collateral was not a part of the original land contract but a separate and distinct contract, and because that part of the judgment of foreclosure relating to the sale of the collateral was with the tacit if not the express consent of the defendant and without objection.

APPEAL from an order of the circuit court for Milwaukee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

In August, 1921, the plaintiff, owner of real estate on Fifth street in the city of Milwaukee, by land contract agreed to sell it to the defendants W. Frank Horn Company, a corporation, W. F. Horn, and C. W. Diets for $50,000, $6,000 of which was then paid, the balance in deferred payments with interest, the defendants to pay the taxes. Default was made in the payment of instalments and taxes. March 1, 1922, the defendants pledged with the plaintiff a certain number of shares of the capital stock of a Delaware corporation of a then value of less than $1,000 on an instalment then past due and in excess of $1,000. May 22, 1922, the plaintiff, pursuant to the terms and conditions of such land contract, gave the defendants, vendees in said land contract, proper notice of its intention to exercise the option in said contract of declaring the whole amount of the indebtedness, principal and interest, presently due and payable by reason of specified defaults on the part of said defendants, and de-

manded payment of the same forthwith. This action was then commenced by service of summons and complaint upon the defendants hereinbefore named as well as upon others having or claiming to have an interest in said premises and upon defendants Charles E. Albright and Laura U. Albright, his wife, the latter of whom claimed an interest in said premises by virtue of a mortgage executed by the defendants, vendees in said land contract. The prayer of the complaint was in the usual form, to have the amount due and unpaid determined and that a period of redemption be provided, and in default of redemption that the defendants and all of them be barred and foreclosed of any right, title, or interest, or equity of redemption in said land contract and be required to surrender possession.

No defenses were interposed by any of the defendants and due proceedings were had to bring said cause on for hearing on June 24th, the defendants W. Frank Horn Company and C. W. Diets and others appearing by attorneys, proofs were submitted and findings of fact and conclusions of law made thereupon. The judgment then entered was docketed July 1, 1922, and provided among other things and in the usual form that the period of redemption should end on September 22, 1922, being ninety days from the time of the hearing in said matter, such period being in accordance with the suggestion by the counsel representing the defendant W. Frank Horn Company. It also provided that, on default of the payment of the amount then determined to be due on or before September 22d, defendants should be barred and foreclosed of all right, title, interest, and equity of redemption in and to said premises and the title become vested in the plaintiff. It further provided for securing bids upon the pledged certificates, and that upon approval by the court sales might be had thereof and the proceeds be applied on the indebtedness on the land contract and noted at the foot of the judgment.

On July 11th an order was made permitting a sale of such

stock for the best price obtainable and written consent given to the entry of such order by the attorneys representing the defendants W. Frank Horn Company, C. W. Diets, and Clara K. Diets as well as others. . .

On September 9th an order was made confirming a sale of such stock, notice having been duly given to the attorneys for the appearing defendants, for the net proceeds of $644.47, and directing that such amount be deducted from the judgment and as of August 15, 1922.

On September 26th, upon due notice, an order was made declaring that said judgment be made absolute and directing the delivery of possession of the real estate to the plaintiff. Pursuant thereto the plaintiff resumed possession on September 29th, and prior to November 2d had negotiated a new lease of said premises for five years and at considerable expense.

On November 2, 1922, an application was made to the circuit court on behalf of one *I. Weiskopf* for an order reopening the judgment so made final and for an order permitting an extension or enlargement in the redemption period, and which was based upon an affidavit reciting in substance as follows:

That on or about August 23, 1922, an involuntary petition in bankruptcy was filed against the defendant W. Frank Horn Company, and on September 8th said company was duly declared bankrupt. That notice thereof was sent to all the creditors, who by due proceedings elected the petitioner, *I. Weiskopf,* as trustee on October 13th, who thereupon gave bond and duly qualified as such trustee. That immediately after such appointment as trustee counsel was retained on his behalf and investigation made as to the proceedings in this action. That the trustee is in a position to pay the plaintiff the amount due on said judgment, in that he had secured a customer who will pay the amounts found due the plaintiff and would also satisfy the other liens upon said premises, including that of the defendant Laura U. Albright

upon a compromise with her as to the amount she would accept in lieu of her former claim now barred and foreclosed by said judgment. It was further alleged that such arrangement would not only take care of said liens on the real estate, including plaintiff's judgment, but would also add several thousand dollars to the estate of the bankrupt and to that extent benefit the general creditors.

The court denied such application. From such order of denial the trustee has taken this appeal.

*Raymond T. Zillmer* of Milwaukee, for the appellant.

For the respondent there was a brief signed by *Glicksman, Gold & Corrigan,* attorneys, and *F. E. Jenkins* and *M. K. Whyte,* of counsel, all of Milwaukee, and oral argument by *Nathan Glicksman.*

ESCHWEILER, J. Even had the trial court power to then grant the relief prayed for in the petition by the trustee, still we can find no situation here indicating that such denial was an abuse of discretion. No purchaser is named in the petition and no specific amount stated that would be paid. Neither was there any showing why no prior attempt had been made by or on behalf of any of the creditors of the bankrupt to obtain proper relief either in this action or in the federal court.

The trial court was also right on other grounds in denying relief to the petitioner.

At the time the application was made in November there had then elapsed one term of court as well as the sixty-day period prescribed in sec. 113.10, Stats., so that under any view of the situation the general power of the court over its own judgments had expired.

The judgment as entered on July 1st was a final judgment because it left no undetermined or disputed questions for further settlement. The rights of the parties at the expiration of the redemption period were as definitely determined by the judgment of July 1st as they would or could be on

September 22d, the expiration of such period. If the defendants then paid the amount adjudged due on the land contract they automatically became thereby entitled to a deed of the property; if there was default in such payment the plaintiff thereby automatically became entitled to its immediate possession and was vested with full ownership. Being such a final judgment, the power of the trial court on November 2d over the same was limited to the relief permitted under sec. 2832, Stats., providing that at any time within one year after notice of the entry of such judgment a party thereto may be relieved on account of such party's mistake, inadvertence, surprise, or excusable neglect, and we find no grounds presented for relief under such provision.

The mere instituting of the bankruptcy proceeding did not stay the running of any of the terms of the judgment or extend or affect the period of redemption therein provided. Upon proper application within the period of redemption either the bankrupt or some duly accredited representative of his estate might have applied for appropriate relief either in the court below or have asked of the federal court wherein the bankruptcy proceedings were pending to have the proceedings in the state court stayed in order that the possible rights of creditors might not be prejudiced. *First Sav. B. & T. Co. v. Butler,* 282 Fed. 866; 7 Corp. Jur. 205.

It is also urged that the court had the power to and should have extended the period of redemption under the provisions of sec. 2831, Stats., authorizing the court to enlarge the time within which proceedings may be taken in any action. We cannot, however, see any ground upon which such claim can be properly asserted.

That the plaintiff benefited by having applied on the judgment the proceeds from the sale of the pledged personal property cannot now be relied upon as having the claimed effect of vitiating the judgment of July 1st as a whole on the suggested ground that it was in the nature of relief inconsistent with or contradictory of the main features of the

judgment, which was predicated upon an election to foreclose defendants' title. The rule as to the binding effect of an election of one of the several remedies against a vendee in a land contract upon his default as stated in *Kunz v. Whitney,* 167 Wis. 446, 167 N. W. 747, relied upon by appellant, is not applicable here for two reasons: first, because the agreement as to such pledge was not a part of the original land contract upon which the foreclosure action was based, but a separate and distinct one; second, because that part of the judgment was with the tacit if not express consent of the defendants and without objection by any one, when there was full opportunity to interpose such objection at the time of the entry of the judgment. The question cannot now be raised by this trustee, who must trace his right to so object through the bankrupt.

The question whether or not the trustee may have relief as to the amount so realized on such sale as an illegal preference or a violation of the bankruptcy law is of course not properly before us in this matter, and we cannot consider appellant's suggestion that we should here and now pass upon such question.

*By the Court.*—Order affirmed.