WHITCOMB, Respondent, vs. YOUNGBLUTH, Appellant.

*May 9—June 5, 1934.*

The cause was submitted for the appellant on the brief of *Churchill, Bennett, Churchill & Davis,* attorneys, and *J. E. Rapkin* of counsel, all of Milwaukee, and for the respondent on that of *Bloodgood, Kemper & Passmore,* attorneys, and *Eric Wm. Passmore* of counsel, all of Milwaukee.

ROSENBERRY, C. J.    It is the contention of the defendant: (1) That the plaintiff having recovered judgment for $1,300 against Albert Youngbluth, he thereby relinquished any claim against the defendant on account of the check; and (2) that having commenced his action against Albert and William and having, after he learned the facts, taken judgment against Albert for the full sum of $1,300, his conduct in instituting this action is inconsistent with the procurement of judgment in the first action, and the plaintiff may not therefore maintain this action.

It is not claimed that the plaintiff accepted the $600 check in payment so that his only claim was upon the check to the extent of $600. It is claimed that as a condition to recovery

in the first action he was required to bring the check into court and surrender the same as a condition of taking judgment. This would undoubtedly be true had the action proceeded against both defendants. Before our liberalized practice, the first action would have been dismissed and the plaintiff would have been obliged to commence over against Albert. This he would have a right to do, and under the facts would not be obliged to credit the $600 check until it had in fact been paid. The proceeding must therefore be treated as if the first action had been dismissed and a new action begun against Albert. Certainly Albert had no defense as to the $1,300 because he had paid no part of it. The defendant in this action had no defense on the $600 check because no part of that check had been paid, although the goods had been delivered upon faith of the check. While the plaintiff of course is entitled to but one satisfaction, we see no inconsistency in the maintenance of the two actions, one against Albert for the full amount of the purchase-price and one against William for the amount of the check. Nor does the bringing of the first action in any way impair the plaintiff's right to maintain this action because that action was begun in ignorance of the facts, Whitcomb all the time believing that Albert and William were partners.

The case of *Kunz v. Whitney*, 167 Wis. 446, 167 N. W. 747, is cited as sustaining the defendant's contention that the two actions, the one against Albert and the one against William, are inconsistent. In that case the plaintiff and the defendants entered into a land contract, the defendants giving to the plaintiff a note with the understanding that when it was paid it was to apply as a part of the purchase-price. The defendants defaulted under the land contract and plaintiffs secured a judgment of strict foreclosure. The judgment in the foreclosure action provided that as a condition of redemption the defendant should pay an amount which included the $1,000 note. The plaintiff having taken back the

land upon the default of the defendants, it was held that he could not thereafter maintain an action for any part of the purchase-price. We fail to discover even an analogy between that case and the one at bar. In this case the defendant received and still retains the personal property which formed the subject-matter of the transaction.

This case is ruled by *Bischoff v. Hustisford State Bank,* 195 Wis. 312, 218 N. W. 353.

*By the Court.*—Judgment affirmed.