James G. FELLENZ and Jane M. Fellenz,
Plaintiffs-Respondents,

v.

Alan V. GONRING, Defendant-Appellant.

Court of Appeals

*No. 82–1331. Submitted on briefs February 24, 1983.—
Decided May 18, 1983.*
(Also reported in 335 N.W.2d 884.)

For the defendant-appellant the cause was submitted on the brief of *Daniel L. Sargeant* of *Schloemer, Schlaefer, Alderson, Seefeldt & Spella, S.C.* of West Bend.

For the plaintiffs-respondents the cause was submitted on the brief of *John N. Gunderson* of *Chase, Olsen, Kloet & Gunderson* of Sheboygan.

Before Scott, C.J., Voss, P.J., and Brown, J.

BROWN, J. The sole issue in this case is whether a vendor under a land contract, upon a judgment for strict foreclosure, may recover reasonable attorney fees and costs from the defaulting vendee. Because the land contract expressly placed responsibility for fees upon the vendee and such a provision is not contrary to law or equity, we conclude a vendor may, in addition to recovery of the mortgaged property through strict foreclosure, enforce liability for reasonable attorney fees and costs personally against the vendee.

On December 23, 1980, the plaintiffs, James and Jane Fellenz, conveyed by land contract a parcel of rural land to the defendant, Alan Gonring. The balance due under

the land contract was $47,000. The parties utilized the standard form land contract which provided in part: "In case of legal proceedings to enforce any remedy hereunder, whether abated or not, all expenses, including reasonable attorney's fees, shall be added to the principal, become due as incurred, and in case of judgment shall be included therein." Gonring defaulted, and the plaintiffs commenced foreclosure proceedings. Their complaint sought, *inter alia,* costs and reasonable attorney fees.[1]

Gonring conceded default and consented to entry of a judgment of strict foreclosure. However, Gonring did object to that portion of the proposed judgment which allowed $2,350 in attorney fees. Following briefing by the parties, the trial court ordered the requested attorney fees assessed against Gonring.

Gonring characterizes the assessment of attorney fees as a deficiency judgment which he argues is permissible only upon a judgment for specific performance. *Kallenbach v. Lake Publications, Inc.,* 30 Wis. 2d 647, 651, 142 N.W.2d 212, 214 (1966). He concedes the contract states that reasonable attorney fees shall be added to the amount due if legal action is necessary to enforce the contract. However, if strict foreclosure is the desired remedy, he interprets the provision to add the attorney fees to the potential redemption price. If the property is not redeemed, Gonring argues, the provision lapses.

We disagree. The supreme court in *Kallenbach* stated a "vendor by electing to use the remedy of strict foreclosure forgoes any right to collect *the amount of the debt.* He cannot demand the return of the land and also

---

[1] The complaint in the record seeks specific performance and judicial sale of the property. At the trial court hearing, the plaintiffs orally moved to amend their complaint to sound in strict foreclosure. The defendant did not object, and the trial court granted the motion for amendment.

ask for the *total purchase price."* (Emphasis added.) *Id.* at 654, 142 N.W.2d at 216. *Kallenbach* does not, however, preclude the award of fees and costs pursuant to the express language of the land contract. That award does not represent the amount of the debt nor the total purchase price.

Our conclusion is buttressed by sec. 428.103(1)(e)2, Stats. That section permits a contractual provision calling for attorney fees of five percent of the amount adjudged due the creditor upon foreclosure. Although that statutory section is not controlling in this case because of the amount of the land contract, it does represent the general rule that an award for attorney fees is not precluded in foreclosure actions.[2]

Gonring also contends the trial court abused its discretion in ordering the fees because no evidence was presented on the issue of "reasonableness" of the fees. We find no abuse of discretion. The trial court's decision notes that Gonring did not object to the amount of the proposed fees. Additionally, the amount ordered, $2,350, is five percent of the amount owed by Gonring. That percentage is expressly approved of in sec. 428.103 (1)(e)2, Stats. We construe that statute as a benchmark standard of reasonableness, according to the present legislature, which may be adjusted as the individual facts demand.

*By the Court.*—Judgment affirmed.

---

[2] We also recognize sec. 814.02(2), Stats., which permits taxation of contractual costs and fees in equitable actions unless inequitable or unjust.