## Harry L. PETERSON and Sylvia K. Peterson, Plaintiffs-Respondents,

## v.

## William F. GAUGER and Eileen M. Gauger, Defendants-Appellants.

Court of Appeals

*No. 87–1492. Argued July 21, 1988.—Decided December 8, 1988.*

(Also reported in 434 N.W.2d 819.)

For the defendants-appellants there were briefs by *Thomas H. Strakeljahn,* and *Heilprin & Strakeljahn, S.C.,* of Lancaster, and oral argument by *Thomas H. Strakeljahn.*

For the plaintiffs-respondents there was a brief by *Keith R. Clifford* and *Barbara O. Whitish,* and *Clifford & Relles, S.C.,* of Madison, and oral argument by *Keith R. Clifford.*

Before Gartzke, P.J., Eich. and Sundby, JJ.

SUNDBY, J.   William and Eileen Gauger appeal from a judgment of strict foreclosure of their interests in a land contract. They claim that the trial court erred in including in the judgment the rents they and their attorney received after their default and the costs of the foreclosure proceedings, including reasonable attorney fees. They further claim that the trial court abused its discretion in not adjourning the hearing on the Peterson's motion for default judgment to allow them to

present evidence as to the reasonableness of the requested attorney fees.

We conclude that the trial court did not err in awarding the Petersons the rents and the expenses of the foreclosure proceedings. We further conclude, however, that the Gaugers did not receive a fair opportunity to question the reasonableness of the requested attorney fees and we therefore reverse that part of the judgment and remand the case for an evidentiary hearing on that issue.

## I.

## BACKGROUND

On the date the land contract was executed, the Gaugers entered into a separate written agreement assigning to the Petersons rent collected by the Gaugers for the lease of the land, if they should be in default under the land contract.

The Gaugers defaulted in December 1986 but continued to receive rents for December 1986 and January and February 1987. The March 1987 rent was paid into their attorney's trust account. A receiver was appointed effective February 23, 1987 who received the rents after the March payment. On May 5, 1987 the Petersons moved for default judgment. On May 12, 1987 the Gaugers offered to allow judgment to be taken against them pursuant to the Petersons' claim for strict foreclosure.

At the hearing on the Petersons' motion, the Gaugers appeared by counsel and objected to the allowance to the Petersons of the rents collected by the Gaugers and their attorney subsequent to their default and to the allowance of the expenses of the proceedings, including attorney fees. The trial court granted the

Petersons' motion and entered judgment foreclosing the Gaugers' interest in the real estate and terminating their equity of redemption. The judgment further ordered that the Petersons recover the rents the Gaugers had collected for December 1986 and January and February 1987 and that the Gaugers' attorney pay from his trust account to the Petersons the March 1987 rent. The judgment also allowed the Petersons attorney fees and expenses incurred by them in the action.

## II.

## ASSIGNMENT OF RENTS

*Kallenbach v. Lake Publications, Inc.,* 30 Wis. 2d 647, 142 N.W.2d 212 (1966), outlines the perimeters of the remedy of strict foreclosure. The court said:

> For all practical purposes . . . , the vendor has in effect blown the whistle and called the game off because the vendee will not abide by the rules. . . . The right that the vendor relies upon, when he blows the foreclosure whistle, is the right to get his land back, . . . . The vendor by electing to use the remedy of strict foreclosure forgoes any right to collect the amount of the debt. He cannot demand the return of the land and also ask for the total purchase price. If he wishes the purchase money and not land, he must elect specific performance (judicial sale) which will give him judgment for the balance due to be paid out of the sale price or, if the proceeds are insufficient, additional judgment against the vendee for the deficiency.

*Id.* at 653–54, 142 N.W.2d at 215–16.

The Gaugers contend that the assignment of rents agreement was "nothing more than a tool to promote payment under the land contract." They claim that

because the assignment was executed contemporaneously with the land contract, it is subject to land contract law, which does not allow the vendor in strict foreclosure to recover the land and the past due debt. They argue that when the Petersons elected the remedy of strict foreclosure, all that the Petersons could recover was the land and not the rents. We disagree. There is no relation between the rents collected by the Gaugers and the amount they owe the Petersons under the land contract.

The debt due the Petersons under the land contract was fixed by the terms of that contract. That debt did not depend on a future contingency. The "debt" due the Petersons under the assignment of rents agreement was, however, subject to a future contingency, i.e., the Gaugers' default. "The term 'debt' has a well-defined technical meaning in the law and means a sum of money due by certain and express agreement, and does not include liabilities which are contingent in that it is uncertain as to whether anything will ever be demandable under the contract." *Sharpe v. First Nat. Bank of Antigo,* 220 Wis. 506, 509, 264 N.W. 245, 247 (1936) (citations omitted). The rents which the Gaugers collected after their default were not a "debt" subject to land contract law. The Petersons' election of strict foreclosure did not foreclose them from enforcing the assignment of rents agreement.[1]

[1]We express no opinion as to whether the Petersons should have enforced the agreement by a separate action rather than in the strict foreclosure proceedings. That issue has not been raised or briefed. *See,* however, *Diggle v. Boulden,* 48 Wis. 477, 4 N.W. 678 (1880) and *Hill v. Sidie,* 116 Wis. 602, 93 N.W. 446 (1903) (action at law against vendee as a "tenant at sufferance" will not lie where vendee is in possession as purchaser, having paid part of the

## III.

## EXPENSES OF PROCEEDINGS

### A.

Paragraph nine of the land contract provides: "In case of legal proceedings to enforce any remedy hereunder, whether abated or not, all expenses, including reasonable attorney's fees, shall be added to the principal, become due as incurred, and in case of judgment shall be included therein."

In *Fellenz v. Gonring,* 113 Wis. 2d 228, 335 N.W.2d 884 (Ct. App. 1983), we construed this provision to allow the vendor under a land contract, upon a judgment for strict foreclosure, to recover from the vendee reasonable attorney fees and costs of the proceedings. We are bound by that precedent.

### B.

The Gaugers claim that the trial court abused its discretion in denying them an opportunity to try the issue of the reasonableness of the award of attorney fees. At the hearing on the Petersons' motion for default judgment, the Petersons' attorneys submitted statements as to their legal fees. This was the first opportunity the Gaugers' counsel had to review the Petersons'

---

purchase price); *cf. Kunz v. Whitney,* 167 Wis. 446, 450, 167 N.W. 747, 748 (1918) (fact that vendees benefited by rent-free use of property may have been proper for consideration in foreclosure action or action to enforce land contract but not in action to enforce security agreement); *Arthur J. Straus Co. v. Weiskopf,* 180 Wis. 323, 329, 192 N.W. 1008, 1010 (1923) (rule as to election of remedies stated in *Kunz v. Whitney* inapplicable because agreement to pledge security is a separate contract distinct from land contract).

claim for attorney fees. Counsel requested the opportunity to try the issue of the reasonableness of the requested attorney fees "on appropriate notice." The trial court denied the Gaugers' request for an adjournment, concluding that because the Gaugers chose not to answer the Petersons' complaint which requested attorney fees, it was proper for the court to determine reasonableness based upon its experience as a lawyer and a trial judge. The court reviewed the attorneys' statements and, with a minor reduction, found that the requested fees were reasonable and customary, considering the nature of the services and the geographic area in which they were performed.

The trial court referred to case law "which not only permits the Trial Court but mandates the Trial Court to pass on the question of reasonable attorney fees ...." The trial court was correct, to a point. It has been held that attorney fee determinations have a "special nature." *Tesch v. Tesch*, 63 Wis. 2d 320, 334, 217 N.W.2d 647, 654 (1974). The trial judge has the expertise to evaluate the reasonableness of attorney fees. *Standard Theatres v. Transportation Dept.*, 118 Wis. 2d 730, 747, 349 N.W.2d 661, 671 (1984); *Tesch*, 63 Wis. 2d at 334–35, 217 N.W.2d at 654.

When, however, the reasonableness of attorney fees is disputed, record evidence is needed. *Stivarius v. DiVall*, 117 Wis. 2d 62, 66, 342 N.W.2d 782, 784 (Ct. App. 1983), *rev'd on other grounds*, 121 Wis. 2d 145, 358 N.W.2d 530 (1984). The expertise of the trial judge is not a substitute for evidence. We therefore conclude that the trial court should have granted the Gaugers' request to "try" the issue of reasonableness of the requested attorney fees.

The Gaugers' failure to answer the Petersons' complaint did not preclude them from contesting the Petersons' request for attorney fees. Section 806.02, Stats., governs default judgments. Subsection (2) provides in part: "If proof of any fact is necessary for the court to give judgment, the court shall receive the proof." In *Midwest Developers v. Goma Corp.*, 121 Wis. 2d 632, 651, 360 N.W.2d 554, 564 (Ct. App. 1984), we held that this proof can be submitted in affidavit form. (*Citing* 101 Wis. 2d xii, Judicial Note (1981).) We further held, however, that, "As part of this proof, the defendant can introduce evidence to mitigate or be heard as to the diminution of damages." *Midwest Developers,* 121 Wis. 2d at 651, 360 N.W.2d at 564 (citation omitted.) While attorney fees are not damages in the true sense, we consider that *Midwest Developers* states principles equally applicable to a claim upon default for attorney fees.

*By the Court.*—Judgment affirmed in part, reversed in part and cause remanded for an evidentiary hearing as to the reasonableness of the requested attorney fees. No costs to either party.