CHAMPION COMPANIES OF WISCONSIN, INC.,
A Wisconsin Corporation, Plaintiff-Respondent,

v.

STAFFORD DEVELOPMENT, LLC, A Wisconsin Limited
Liability Company and Ricky Zanow,
Defendants-Third-Party Plaintiffs-Appellants,

v.

GLEN-GERY CORPORATION,
Third-Party Defendant-Respondent.

Court of Appeals

*No. 2009AP2891. Submitted on briefs September 16, 2010.
—Decided December 22, 2010.*

2011 WI App 8

(Also reported in 794 N.W.2d 916.)

208

On behalf of the defendants-third-party-plaintiffs-appellants, the cause was submitted on the briefs of *Timothy S. Knurr* of *Schoone, Leuck, Kelley, Pitts & Knurr, S.C.*, Racine.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *George W. Love* of *Love Law Offices*, Waukesha.

On behalf of the third-party-defendant-respondent, the cause was submitted on the brief of *Geoffrey Dowse* of *Zievers & Dowse, S.C.*, Kenosha.

Before Brown, C.J., Anderson and Reilly, JJ.

¶ 1. REILLY, J. Ricky Zanow built a home with bricks purchased from Glen-Gery Corporation. It became evident after completion of the home that the bricks had a defect. Zanow sued Glen-Gery seeking $344,000 in damages to remove and replace the bricks on his home. Glen-Gery responded that the proper remedy was to repair the bricks, and that it would cost less than $7500 to remedy the defect by re-staining the bricks. Neither party offered credible evidence as to the diminished value of the Zanow home. Following a bench trial, the circuit court found that the defect did not affect the durability or structural integrity of the home and that the replacement of the bricks would constitute unreasonable economic waste. The court awarded $11,000 for the cost of re-staining the bricks.

¶ 2. Zanow appeals arguing that the circuit court erred in its application of the economic waste rule. Zanow argues that because Glen-Gery did not offer proof as to the diminished value of the residence, the circuit court should have awarded $344,000 in damages for the cost of replacing the bricks. As we hold that a fact finder may—but is not required to— consider evidence of the diminished value of property, we affirm the circuit court's judgment.

## BACKGROUND

¶ 3. Champion Companies of Wisconsin, Inc., sold the bricks that were installed in a home built by Zanow's company, Stafford Development, LLC. While the home was originally built as a spec home by Stafford, Zanow and his family eventually moved into the house and currently reside there. Soon after the installation, lime and pyrite "pops" began to develop in the bricks. The pops are cosmetic rather than structural defects.

¶ 4. The manufacturer of the bricks, Glen-Gery, attempted to resolve the problem by hiring a company to stain the pops. Zanow was not satisfied with the staining and refused to pay Champion the final invoice of $3,703.81.

¶ 5. Champion sued Stafford for breach of contract. Stafford and Zanow counterclaimed for breach of contract, breach of warranty, and negligence, alleging that the bricks sold by Champion were defective. Stafford and Zanow also filed a third-party claim against Glen-Gery, alleging the same causes of action.

¶ 6. Zanow testified that the bricks were "worthless," and that the only acceptable solution was to take the bricks down and replace them at a cost of $344,000. Glen-Gery argued that it should only have to pay the cost of *repairing* the defective bricks, not *replacing* them. An employee of the company that originally stained the bricks testified that it would cost less than $7500 to re-stain Zanow's house.

¶ 7. Neither party offered credible evidence as to the diminished value of the residence.[1] Evidence of a property's diminished value is one way to measure

---

[1] The only evidence offered as to the loss in property value was the testimony of a realtor called by Glen-Gery who stated

damages in a lawsuit over injury to property. *See Laska v. Steinpreis*, 69 Wis. 2d 307, 313–14, 231 N.W.2d 196 (1975). Without evidence as to the property's diminished value, the circuit court was presented with only two cost estimates—Zanow's $344,000 cost of replacing the bricks, and Glen-Gery's $7500 cost of re-staining the bricks.

¶ 8. The circuit court found that Champion breached the implied warranty of merchantability when it sold the defective bricks to Zanow. The court, as noted above, refused to award Zanow $344,000 in replacement costs as it found that the damage to the bricks was "cosmetic" and not structural, and to take down and replace every brick in the house would "constitute unreasonable economic waste." The court accepted the evidence presented by Glen-Gery and entered judgment against Glen-Gery for $11,000.[2]

¶ 9. On appeal, Stafford and Zanow argue that the circuit court misapplied the economic waste rule and that they are entitled to $344,000 in damages to replace the defective bricks.

## STANDARD OF REVIEW

¶ 10. An award of damages for a breach of contract should compensate the injured party for the losses that stem from the breach. *Thorp Sales Corp. v. Gyuro Grading Co.*, 111 Wis. 2d 431, 438, 331 N.W.2d 342 (1983). The circuit court has discretion to award dam-

---

that the loss in value was "minimal, if anything." The circuit court rejected this testimony as it found that it was "not based on sufficient grounds to be given any evidentiary weight."

[2] $7500 to re-stain the home and $3500 for future re-staining costs.

ages within the range supported by the evidence in the record. *Id.* at 444. Additionally, we will uphold the circuit court's factual findings unless they are "clearly erroneous." WIS. STAT. § 805.17(2) (2007–08).[3] This court is reluctant to interfere with a damage award that the circuit court approved. *Herman by Warshafsky v. Milwaukee Children's Hosp.*, 121 Wis. 2d 531, 545, 361 N.W.2d 297 (Ct. App. 1984).

## DISCUSSION

¶ 11. The general principle regarding the measure of damages for defects and omissions in the performance of a building contract is that a party is entitled to have what he contracts for or its equivalent. *Jacob v. West Bend Mut. Ins. Co.*, 203 Wis. 2d 524, 541, 553 N.W.2d 800 (Ct. App. 1996). An aggrieved party is only entitled to a remedy that puts him in as good a position as if the contract had been fully performed. *See* WIS. STAT. § 401.305(1). An owner is entitled to recover for an actual loss, but not a greater amount. *See Nischke v. Farmers & Merchants Bank & Trust*, 187 Wis. 2d 96, 118, 522 N.W.2d 542 (Ct. App. 1994). The fact finder has broad discretion to determine damage awards. *See Thorp Sales Corp.*, 111 Wis. 2d at 444.

¶ 12. There are multiple ways to calculate damages in a lawsuit over injury to property. One is the cost to repair the property (i.e., replace the bricks). A second is the cost to restore the property (i.e., re-stain the bricks). A third way to measure damages is the diminished value calculation—"the difference between the

---

[3] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

value the building would have had if properly constructed and the value that the building does have as constructed." *W. G. Slugg Seed & Fertilizer, Inc. v. Paulsen Lumber, Inc.*, 62 Wis. 2d 220, 226, 214 N.W.2d 413 (1974). Any party may submit estimates of the cost of repair/restoration or diminished property value. *Laska*, 69 Wis. 2d at 314. The plaintiff is entitled to the smaller amount. *Id.*

██

¶ 13. The economic waste rule provides that when faced with multiple measures of damages, a fact finder may determine whether a proposed repair or restoration would result in unreasonable destruction of the property and thus constitute economic waste. *See Jacob*, 203 Wis. 2d at 541–42. Zanow argues that as there was no credible evidence offered as to the diminished value of his property, the economic waste rule does not apply.

¶ 14. The rationale for the economic waste rule is that if the cost to repair or restore a defect is so high as to exceed the diminished value of the property based on the defect, a party is unlikely to use the extra money to fix the defect. Instead, the party will keep the money and receive a windfall. *See Nischke*, 187 Wis. 2d at 118. Typically, this rule comes into play because the defendant, believing cost of repair evidence submitted by the plaintiff to be too high, submits evidence of diminished value for the fact finder to consider.

██

¶ 15. The application of the economic waste rule is not limited solely to a comparison of the diminished value measure of damages versus a cost to repair measure of damages. A fact finder presented with estimates for both a cost of repair and a cost to restore

may determine whether the repair or restore option would result in unreasonable destruction to the property.

¶ 16. In *Jacob*, the economic waste rule was used to support cost of repair as opposed to cost of replacement as the more reasonable measurement of damages. Like Zanow, the Jacobs contracted for the construction of a home with a brick veneer exterior. *Jacob*, 203 Wis. 2d at 529. Shortly after their home was completed, the Jacobs began experiencing problems with rainwater leaking into the home through the masonry of every exterior wall. *Id.* The Jacobs presented expert testimony on both the cost to repair the property by tuck-pointing it, and the diminution in property value (even with the tuck-pointing, their home would be worth less than originally bargained for). *Id.* at 533. The parties stipulated that the cost of entirely replacing the brick veneer, instead of repairing it by tuck-pointing, would be $102,470. *Id.*

¶ 17. The jury awarded the Jacobs $110,500 for the cost of repair, and $135,000 for the diminution in the property value. *Id.* at 534. The contractor filed a post-verdict motion asking the circuit court to substitute the $102,470 stipulated cost of completely replacing the brick veneer. *Id.* at 535. The court granted this request. *Id.* The court reasoned that because the cost of replacing the bricks ($102,470) was less than the repair award ($110,500), and because the replacement procedure produced no concomitant diminution in value, a judgment in favor of the Jacobs for the replacement cost of the bricks fully compensated them for their loss. *Id.* This court affirmed the circuit court's decision. *Id.* at 542–43.

¶ 18. The circuit court here, like the court in *Jacob*, used economic reasoning to conclude that because repairing the bricks by re-staining them and replacing the bricks would lead to substantially similar results at different costs, damages should be awarded for the less expensive option. The circuit court was not wrong to say that awarding $344,000 in damages (replacing the bricks) to correct something that could be corrected for $11,000 (re-staining the bricks) would constitute unreasonable economic waste.

## CONCLUSION

¶ 19. The circuit court, in finding that the defect in the bricks was cosmetic, properly concluded that re-staining the bricks placed Zanow in as good a position as if the contract had been fully performed. As the economic waste rule does not require an estimate of the diminished value of the property, we affirm the circuit court's judgment.

*By the Court.*—Judgment affirmed.