COURT OF APPEALS
DECISION
DATED AND FILED

February 16, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1248**

STATE OF WISCONSIN

Cir. Ct. No. **2016CV5961**

IN COURT OF APPEALS
DISTRICT I

ALEX MOLINAROLI,

PLAINTIFF-RESPONDENT-CROSS-APPELLANT,

V.

STACY J. MILLER A/K/A STACY AGOUDEMOS AND
KOSTANTINOS P. AGOUDEMOS,

DEFENDANTS-APPELLANTS-CROSS-RESPONDENTS.

APPEAL and CROSS-APPEAL from an order of the circuit court for Milwaukee County: TIMOTHY M. WITKOWIAK, Judge. *Affirmed in part; reversed in part and cause remanded with directions*.

Before Brash, P.J., Donald and White, JJ.

¶1 WHITE, J. Stacy J. Miller and Kostantinos P. Agoudemos (the Millers) appeal the trial court order determining attorney fees under an indemnification clause of an easement agreement. The Millers argue that the trial

court applied the incorrect legal standard to determine reasonable attorney fees pursuant to WIS. STAT. § 814.045 (2017-18).[1] Alex Molinaroli cross-appeals the same trial court order arguing there was insufficient evidence to support the damages awards against him. Upon review, we conclude that the trial court made an erroneous exercise of discretion when it awarded damages for landscaping costs and, accordingly, we reverse the part of the trial court order awarding those damages. We affirm, however, the trial court order awarding damages for noise and trespass.[2] Because the attorney fees were based on the damage awards, we reverse this part of the trial court order and remand for the new determination of attorney fees.

## BACKGROUND

¶2 This matter arises out of an easement agreement governing access to condominium elements during construction. Molinaroli, residing in condominium Unit 801, initiated the underlying action to this appeal against Park Terrace Bluff Homes Condominium Association (the Association) and the Millers, neighbors who reside in condominium Unit 815. Molinaroli wanted to add a swimming pool within Unit 801; in April 2015, he entered into an easement agreement (the Easement) with the Association to facilitate construction.

¶3 Under the Easement, the Association granted Molinaroli a temporary construction easement over the common elements and limited common elements

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2] We note that neither party appeals the disposition of the Millers' claims; therefore, we affirm the parts of the trial court order not related to the damages awards and attorney fees.

2

reasonably necessary to construct the pool. Molinaroli was required to seek express permission from other owners as necessary. The Easement contained an indemnification clause that included reasonable attorney fees.

¶4 Over the following year, disputes arose between Molinaroli and the Millers over access and modification of the side yard between the units. The side yard was a limited common element appurtenant to Unit 815, over which the Millers had exclusive rights under the Association's governing documents. Although the Millers and Molinaroli agreed that Molinaroli could set up scaffolding in the side yard during construction, when the scaffolding was removed the Millers found new HVAC pipes that vented into the side yard. Molinaroli also installed security cameras, at least one of which faced the side yard and Unit 815.

¶5 In July 2016, the Association notified Molinaroli that the installation or planned installation of exhaust pipes, a boiler, air conditioning, and security cameras were not in compliance with the Association governing documents and the Easement. The Association set an August 5, 2016 deadline for Molinaroli to bring the construction into compliance with the Agreement. In response, on August 5, 2016, Molinaroli filed a complaint asking the trial court to reform the condominium plat and governing documents, and to grant an implied easement, relief from tortious interference by the Millers, and quiet title on ownership claims.

¶6 The Association counterclaimed for breach of contract regarding the Easement. The Millers filed compulsory counterclaims in their answer to Molinaroli's suit: under an overall theory of nuisance, their counterclaims consisted of trespass, negligence in the installation of pipes in relation to the pool,

breach of the Easement with regard to the condition of the side yard, and a declaratory judgment about their rights and control of the side yard.[3]  They also requested attorney fees under the indemnification clause of the Easement.

¶7      The trial court granted partial summary judgment in favor of the Millers and the Association on Molinaroli's claims in January 2018.  The trial court entered an order dismissing on the merits with prejudice Molinaroli's claims for reformation, implied easement, tortious interference with contract, and quiet title.

¶8      The trial court held a court trial on the Millers' counterclaims on February 28, 2019, and March 1 and 6, 2019, with a focus on the Millers' alleged damages.  Relevant to the issue of damages, the court heard testimony from the Millers and Molinaroli.

¶9      At the trial, Kostantinos[4] testified that he accepted an offer from Molinaroli to landscape the side yard in exchange for hosting scaffolding and construction staging.  Kostantinos testified that when the scaffolding was removed, he found copper exhaust pipes for Molinaroli's HVAC system and security cameras in the yard, neither of which had been installed by permission. He explained that the noise from the pipes interfered with watching TV, carrying on conversations, and made it hard to use the side yard for outdoor leisure or exercise.  He also complained that there was a nasty exhaust smell, like gas.  He

---

[3] The counterclaim labeled four causes of action, but the Millers also satisfied notice pleading requirements for a claim of nuisance.  *See Strid v. Converse*, 111 Wis. 2d 418, 423, 331 N.W.2d 350 (1983).  Because the trial court order addressed nuisance, we include it here.

[4] We refer to Kostantinos Agoudemos as Kostantinos in his individual testimony.

testified that he felt he lost use of his property due to the security cameras pointed at his bedroom and shower and the "noxious fume or noise or vibration" that he experienced whenever he opened certain doors and windows. Kostantinos testified that there was no physical or permanent damage to the grounds, wall, or fence as a result of the pipes or construction, but that debris near the scaffolding may require repair.

¶10 To establish the damages, Kostantinos testified that he believed that Molinaroli stated in his deposition that the value of the promised landscaping of the side yard was $20,000. Kostantinos testified that it costs approximately $3,500 a month to live in their unit, but due to the pipes and cameras, the only usable space in the unit was the basement. He concluded that the value of his enjoyment of the property had diminished by 60% during this period of time.

¶11 Stacy[5] testified that the construction process took over three years and it was extremely loud. She testified that Molinaroli offered that "in exchange for letting us have the scaffolding he would relandscape our yard once the scaffolding was gone"—which she interpreted "to mean new grass, new landscaping, edging because they cut the edging of the landscaping." She also testified that she believed Molinaroli said the planned landscaping cost an estimated $20,000. She testified that their cost of living at the unit was about $3,600 a month, and that due to the lack of privacy, the security cameras, the pipes, the noise, fumes, and the lack of access to the yard, her use and enjoyment of the property was diminished by 50% during construction. She testified that although their counterclaim stated that they would need to add insulation to the

_____

[5] We refer to Stacy Miller as Stacy in her individual testimony.

unit for soundproofing, they had not installed anything—including window treatments to block the cameras.

¶12 Molinaroli testified that he asked the Millers if he could put scaffolding in the side yard, and they agreed but requested help with landscaping and drainage issues in the side yard the following spring. Molinaroli disputed that he had ever stated that the estimated cost of the landscaping was $20,000; he reviewed his deposition testimony and found no mention of landscaping costs.[6] At trial, he guessed based on his own life experience that landscaping a small side yard would cost $3,000 to $5,000, but stated that he "just made [the price] up."

¶13 The trial court entered a final order on June 21, 2019.[7] The trial court dismissed the Millers' nuisance claim because it concluded that the Millers failed to meet the burden of proof to show that the operation of the boiler and the security cameras unduly interfered with the use of the Millers' unit or the side yard. The trial court also dismissed the negligence claim because the Millers did not offer a necessary expert opinion to support their claim. Additionally, the trial court dismissed the declaratory relief claim because the issue was not pursued at trial.

¶14 The trial court concluded that the placement of the security cameras was not within the express provisions of the Easement. The court concluded that the security cameras, the pipes, and noise breached the Easement, constituting

---

[6] Only a portion of Molinaroli's deposition is in the record, but the submission does not include a reference to $20,000. We defer to the trial court's credibility determinations.

[7] On June 12, 2019, the trial court accepted a stipulation of settlement between the Association and Molinaroli that dismissed all claims with prejudice. The court entered the order for dismissal the following day.

6

trespass. The court awarded nominal damages in the amount of $500 for the trespass. The court noted that the Millers only anticipated curtains as a cost, which they admitted at trial they did not incur. The court was not persuaded that the Millers altered their use of their unit or the side yard based on the presence of the security cameras.

¶15 On the Millers' breach of the Easement claims, the trial court concluded that the Millers offered no credible evidence of actual pecuniary loss as a result of placement of the security cameras and, therefore, the Millers could not recover damages on their breach of contract claim related to the cameras. The court found that the Millers offered credible evidence that there was noise created by the pipes and boiler that were not expressly allowed under the Easement and therefore the presence of the pipes and the noise they generated constituted a breach of the Easement. However, the court found that this breach was remedied when the second boiler was turned off, the pipes were disconnected, and the appropriate equipment was installed. The court awarded the Millers $5,000 for this breach of the Easement.

¶16 The trial court concluded that the Millers and Molinaroli entered into an agreement by which Molinaroli could put scaffolding in the side yard in return for Molinaroli replacing the Millers' "landscaping in the spring (2016) at [his] cost." The court awarded the Millers $5,000 in return for their allowance of the scaffolding and damages caused by the scaffolding. Combined, the damages totaled $10,500.

¶17    Finally, the court awarded the Millers attorney fees in the amount of $31,500 dollars, which was three times the compensatory damages, pursuant to WIS. STAT. 814.045(2)(a).[8]    The Millers appeal the award of attorney fees. Molinaroli cross appeals arguing that the evidence was insufficient to support the damages for the breach of the Easement, but he does not challenge the nominal damages for trespass.

### DISCUSSION

¶18    The Millers argue that the trial court erroneously exercised its discretion to apply the statutory presumption under WIS. STAT. § 814.045(2)(a) when it determined the amount of reasonable attorney fees payable by Molinaroli under the indemnification clause.  Molinaroli argues that the statutory presumption was within the trial court's discretion and supported by the paucity of billing evidence to support the attorney fees.  For reasons explained in more detail below, we conclude it is premature to review the application of the reasonable attorney fees statute to these facts.

¶19    Molinaroli argues that the compensatory damages award was not supported by sufficient evidence; therefore, the damages award should be vacated. The Millers argue that Molinaroli has waived a challenge to the sufficiency of the evidence to support the damages awards by not raising it until this cross-appeal. This argument fails.  "In actions tried by the court without a jury, the question of

---

[8] WISCONSIN STAT. § 814.045(2)(a) provides that "[i]n any action in which compensatory damages are awarded, the court shall presume that reasonable attorney fees do not exceed 3 times the amount of the compensatory damages awarded but this presumption may be overcome if the court determines … that a greater amount is reasonable" under an analysis based on fifteen factors contained within a subsection of the statute.

8

the sufficiency of the evidence to support the findings may be raised on appeal whether or not the party raising the question has objected in the trial court to such findings or moved for new trial." WIS. STAT. § 805.17(4). Here, the trial court conducted a trial without a jury. Molinaroli challenges the sufficiency of the evidence to support the damages award. We conclude that Molinaroli did not waive his right to raise this issue on appeal.[9]

¶20     Because the statutory presumption of attorney fees relies upon the amount of compensatory damages awarded, our inquiry must begin with the cross-appeal. We note that Molinaroli does not challenge the sufficiency of the evidence to support the trial court's conclusions that the Easement was breached by the cameras, the pipes, and by the scaffolding and landscaping. Molinaroli only argues that the trial court's findings are insufficient to support the valuation of the damages, specifically, as related to the awards for landscaping costs and noise-related damages.

¶21     As a threshold matter, in his reply, Molinaroli argues that the economic loss doctrine bars the Millers' claims for damages outside of the contract terms. This argument fails. The economic loss doctrine is inapplicable to the Millers' claims for breach of the Easement because there is no product or sales

---

[9] Further, the record shows that the appeal and the cross-appeal were timely filed within the statutory rules to initiate an appeal after the trial court issued its final order.

contract at issue.[10] *See Daanen & Janssen, Inc. v. Cedarapids, Inc.*, 216 Wis. 2d 395, 402, 573 N.W.2d 842 (1998). The Easement established rights and responsibilities during Molinaroli's pool construction. It is not a construction contract. It was a temporary easement, which allowed Molinaroli to build the pool.

¶22 The purpose of the Easement was to protect the Association and the property rights of all owners of the condominium association affected by Molinaroli's construction. "An easement is a liberty, a privilege … distinct from an ownership." *Grygiel v. Monches Fish & Game Club, Inc.*, 2010 WI 93, ¶13, 328 Wis. 2d 436, 787 N.W.2d 6 (citation omitted). "A written easement holder has the right to use the easement in accordance with the express terms of the easement grant." *Id.*, ¶19. When there "has been a breach of a contractual obligation … the wronged party has a right to an appropriate remedy, which is dependent upon the nature and extent of the wrong sustained." *Thorp Sales Corp. v. Gyuro Grading Co.*, 111 Wis. 2d 431, 437-38, 331 N.W.2d 342 (1983). "[W]hether a party has suffered a compensable economic loss and the dollar figure to be attributed to that loss is a factual determination." *Fletcher v. Eagle River Mem'l Hosp., Inc.*, 150 Wis. 2d 145, 155, 441 N.W.2d 297 (Ct. App. 1989), *rev'd on other grounds*, 156 Wis. 2d 165, 456 N.W.2d 788 (1990).

---

[10] "[T]he 'economic loss doctrine' is a judicially created doctrine providing that a purchaser of a product cannot recover from a manufacturer damages that are solely economic in nature under tort theories of negligence or strict liability." *Magestro v. North Star Env't Constr*., 2002 WI App 182, ¶6, 256 Wis. 2d 744, 649 N.W.2d 722. The doctrine "limits recovery to only economic losses" in contract actions. *Id*. "[E]conomic loss is damage to a product itself or monetary loss caused by a defective product that does not cause personal injury or damage to other property." *Biese v. Parker Coatings, Inc.*, 223 Wis. 2d 18, 23, 588 N.W.2d 312 (Ct. App. 1998).

¶23     The determination of damages for breach of an easement does not fit neatly into other contract damages formulations.   As a general rule "[f]or obstruction of an easement, damages and injunctions requiring removal of the obstruction, restoration of the easement, and prohibiting future obstruction are normally appropriate."   RESTATEMENT (THIRD) OF PROPERTY (SERVITUDES) § 8.3 (2000).  "A judgment for money damages ordinarily provides an adequate remedy for a claim for maintenance, repair, or replacement expenses[.]"  ***Id.***  Although an easement governs an issue of property rights, it does not set forth the terms of a property transaction, making it difficult to determine benefit of the bargain or diminished value damages.  *Cf.* ***Vandehey v. City of Appleton***, 146 Wis. 2d 411, 415, 437 N.W.2d 550 (Ct. App. 1988); ***Champion Cos. of Wis., Inc. v. Stafford Dev., LLC***, 2011 WI App 8, ¶7, 331 Wis. 2d 208, 794 N.W.2d 916.[11]

¶24     Determining damages is within the trial court's discretion.  ***J.K. v. Peters***, 2011 WI App 149, ¶32, 337 Wis. 2d 504, 808 N.W.2d 141.  We will not disturb the trial court's factual findings determining damages unless the findings are "clearly erroneous."   WIS. STAT. § 805.17(2).   When a trial court awards damages, we will sustain that award "if there is any credible evidence that under any reasonable view supports it and removes the issue from the realm of conjecture."  ***Betterman v. Fleming Cos.,*** 2004 WI App 44, ¶39, 271 Wis. 2d 193, 677 N.W.2d 673.  A damages award must be "supported by credible evidence and

---

[11] For example, "the benefit of the bargain is measured by the difference between the value of the property as represented and its actual value as purchased."  ***Vandehey v. City of Appleton***, 146 Wis. 2d 411, 415, 437 N.W.2d 550 (Ct. App. 1988). "[A]n alternative measure of recovery is … compensation based on the difference between real and represented value." ***Ollerman v. O'Rourke Co.***, 94 Wis. 2d 17, 53, 288 N.W.2d 95 (1980).  "Evidence of a property's diminished value is one way to measure damages in a lawsuit over injury to property." ***Champion Cos. of Wis., Inc. v. Stafford Dev., LLC***, 2011 WI App 8, ¶7, 331 Wis. 2d 208, 794 N.W.2d 916.

[be] within reasonable limits." ***Selmer Co. v. Rinn***, 2010 WI App 106, ¶29, 328 Wis. 2d 263, 789 N.W.2d 621. Whether the trial court applied a proper legal standard when it awarded damages is a question of law that we review *de novo. **J.K.**,* 337 Wis. 2d 504, ¶32,

¶25 From our review of the $5,000 damages award for scaffolding and landscaping, we conclude there is no credible evidence in the record supporting this amount; therefore, the trial court erroneously exercised its discretion to order the same. There was no testimony as to the value of the proposed landscaping work that was based on any proven costs to provide landscaping. Kostantinos and Stacy each testified that Molinaroli's deposition testimony set a $20,000 figure, but Molinaroli denied this in his testimony. The Millers have not shown evidence of Molinaroli stating a figure in negotiating the contract or in his deposition. Molinaroli testified that he guessed that landscaping would cost $3,000-$5,000, but he stated that the number was made up. There was no testimony to establish the damages caused by the scaffolding or the cost of repair. The trial court's order does not explain its reasoning to award $5,000 in damages on this issue; furthermore, our review of the record finds no credible evidence upon which to affirm the order. Without any credible evidence, we cannot sustain the trial court's decision to order this damages award and we must reverse the order. ***Betterman,*** 271 Wis. 2d 193, ¶39.

¶26 When we consider Molinaroli's breach of the Easement by allowing noisy pipes to disturb the Millers, Kostantinos and Stacy each testified that their enjoyment in the property was diminished due to the noisy pipes and during the time of construction. We sustain the trial court's award of $5,000 in damages because there is some credible evidence in the record. We are highly deferential in our review of damage awards and we will affirm the award if there is any

12

credible evidence which under any reasonable view supports the finding. *Selmer*, 328 Wis. 2d 263, ¶28. The Millers' diminished enjoyment was based on their testimony and was not otherwise quantified in the record; however, we will not allow the breaching party to "profit from that difficulty of proof" because quantifying this issue is difficult to "definitely ascertain[] or determine[.]" *See id.*, ¶30 (citations omitted).

¶27    Molinaroli requests we vacate both damages awards for breach of the Easement and remand for only nominal damages. We disagree. When "it is certain that damage has resulted, mere uncertainty as to the amount will not preclude the right of recovery." *Essock v. Mawhinney*, 3 Wis. 2d 258, 270, 88 N.W.2d 659 (1958) (citation omitted). Molinaroli has not challenged the sufficiency of the evidence underlying the court's factual findings and legal conclusions that Molinaroli breached the Easement. Because the Millers' rights to their property ownership has been injured by the breach of the Easement, "any reasonable approximation of the amount of that injury must in justice be accepted as a measure of the damages." *Thorp*, 111 Wis. 2d at 437-38. Therefore, we affirm the trial court award of $5,000 for the breach of the Easement for noisy pipes.

¶28    Because the award of attorney fees were tied to the compensatory damages, we remand the determination of attorney fees to the trial court. As guidance to the trial court regarding attorney fees, we conclude that the plain meaning of the text of WIS. STAT. § 814.045(2)(a) applies in all actions in which compensatory damages are awarded. The determination of attorney fees remains within the discretion of the trial court. *See Village of Shorewood v. Steinberg*, 174 Wis. 2d 191, 204, 496 N.W.2d 57 (1993). However, we note, when "the

reasonableness of attorney fees is disputed, record evidence is needed." ***Peterson v. Gauger***, 148 Wis. 2d 231, 237, 434 N.W.2d 819 (Ct. App. 1988).

¶29 No WIS. STAT. RULE 809.25(1) costs shall be assessed to either party.

*By the Court.*—Order affirmed in part; reversed in part and cause remanded with directions.

Not recommended for publication in the official reports.