COURT OF APPEALS
DECISION
DATED AND FILED

October 14, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2258**

Cir. Ct. No. **2018CV174**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT II

---

WIND POINT RESTORATION, INC. D/B/A SERVPRO OF SOUTHEAST MILWAUKEE COUNTY,

   PLAINTIFF-RESPONDENT,

 V.

ANNE WEIKEL,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Kenosha County:  CHAD G. KERKMAN, Judge.  *Affirmed*.

Before Neubauer, C.J., Reilly, P.J., and Davis, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Anne Weikel appeals from a judgment dismissing her WIS. STAT. ch. 423 (2017-18)[1] counterclaim and awarding damages to Wind Point Restoration, Inc. d/b/a Servpro of Southeast Milwaukee County.   Weikel also appeals from an order denying her motion for reconsideration.   We affirm.

¶2     We take from the pleadings the following essential and undisputed facts.   After experiencing water damage in her basement, Weikel called a Servpro franchisee, A&M Restoration LLC d/b/a Servpro of South Kenosha (hereafter Servpro), to inquire about its water mitigation and restoration services (the services).   Because it could not take on the work, Servpro passed Weikel's information to Wind Point Restoration, Inc. d/b/a Servpro of Southeast Milwaukee County (hereafter Wind Point), another Servpro franchisee.   Wind Point then called Weikel to respond to her inquiry regarding services.[2]   On July 21, 2017, Wind Point visited Weikel's home, solicited her to provide services, and performed the services.

¶3     Wind Point sued Weikel to collect its unpaid invoice for the services performed.   Weikel counterclaimed and asserted a WIS. STAT. ch. 423 right to cancel what she claimed was a consumer approval transaction (the counterclaim).[3]

---

[1]  All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

[2]  As discovery progressed, the exact identity of the entity Weikel contacted for services on July 17 or 18, 2017 (the date varies in the record) evolved.   We elect to describe the entities in a way that provides the greatest clarity:  Weikel called Servpro and Wind Point called her back.

[3]  Weikel also alleged WIS. STAT. § 100.20 unfair trade practices, breach of warranty and other claims.   None of these claims is pursued on appeal.

2

¶4 Wind Point moved to dismiss Weikel's counterclaim because she did not state a consumer approval transaction claim upon which relief could be granted. Wind Point argued that because Weikel called Servpro to inquire regarding services, she initiated the ensuing transaction with Wind Point. Therefore, the transaction was not a WIS. STAT. § 423.201(1)(a) consumer approval transaction with an associated WIS. STAT. § 423.202(1) right to cancel.

¶5 Weikel opposed the motion to dismiss. Weikel conceded that she called Servpro to inquire about its services. However, when Wind Point called her back, Wind Point initiated a solicitation by telephone followed by a solicitation in her home, all of which created a consumer approval transaction that Weikel could cancel.

¶6 After a hearing on the motion to dismiss, the circuit court found that it was undisputed that Weikel initiated the transaction when she called Servpro to inquire about services, i.e., Weikel's call "put everything in motion" in relation to the transaction with Wind Point. Because Wind Point did not initiate the transaction within the meaning of WIS. STAT. § 423.201(1)(a), the WIS. STAT. § 423.202(1) right to cancel did not apply. The circuit court dismissed Weikel's WIS. STAT. ch. 423 counterclaim.

¶7 Weikel sought reconsideration of the circuit court's decision dismissing her counterclaim. Weikel reiterated that her first contact with Wind Point was the call she received from Wind Point's representative inquiring whether she wanted to engage their services.

¶8 After a hearing, the circuit court denied Weikel's motion for reconsideration, again finding that Weikel initiated the transaction by calling Servpro. As the circuit court aptly described it, Weikel "got the ball rolling" when

3

she called Servpro seeking services, even if Wind Point called her back. Ultimately, the circuit court entered a judgment for Wind Point. Weikel appeals.

¶9      On appeal, Weikel argues that because Wind Point contacted her about services, she and Wind Point had a consumer approval transaction with a right to cancel. We disagree.

¶10      We review the circuit court's dismissal of Weikel's counterclaim for failure to state a claim as a question of law. *Kaloti Enters., Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶10, 283 Wis. 2d 555, 699 N.W.2d 205. Such a motion tests the legal sufficiency of the complaint and should be granted only if there are no conditions under which the plaintiff can recover. *Id.*, ¶11.

¶11      A "consumer approval transaction" is a transaction "initiated by face-to-face solicitation away from a regular place of business of the merchant or by mail or telephone solicitation directed to the particular customer." WIS. STAT. § 423.201(1)(a). Under WIS. STAT. § 423.202(1), "a customer has the right to cancel a consumer approval transaction until midnight of the 3rd business day after the merchant has given the notice" required by the statute.

¶12      Applying WIS. STAT. § 423.201(1)(a) to the facts of this case presents a question of law that we decide independently of the circuit court. *Chang v. State Farm Mut. Auto. Ins. Co.*, 182 Wis. 2d 549, 560, 514 N.W.2d 399 (1994) (whether a particular statute applies to undisputed facts is a question of law that we review independently). The language of § 423.201(1)(a) is plain, and we need look no further to understand it. *State ex rel. Kalal v. Circuit Court for Dane Cty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110 (statutory interpretation begins with the statute's plain language and the "language is given its common, ordinary, and accepted meaning").

¶13 All of Weikel's circuit court pleadings make clear that she called Servpro for services, and Wind Point returned her call and ultimately provided the services. The circuit court's finding that Weikel's call to Servpro "put everything in motion" and "got the ball rolling" is supported by the record and is not clearly erroneous. *See **Mentzel v. City of Oshkosh***, 146 Wis. 2d 804, 808, 432 N.W.2d 609 (Ct. App. 1988). Because Weikel initiated the transaction, the transaction was not a consumer approval transaction under WIS. STAT. § 423.201(1)(a).[4] Therefore, the circuit court did not err in dismissing Weikel's WIS. STAT. ch. 423 claim and did not misuse its discretion when it denied her reconsideration motion on the same facts. ***Borreson v. Yunto***, 2006 WI App 63, ¶6, 292 Wis. 2d 231, 713 N.W.2d 656 (a circuit court's decision on a motion for reconsideration is reviewed for a misuse of discretion).

¶14 Weikel next argues that the transaction qualifies for consumer protection under WIS. ADMIN. CODE § ATCP 127.01(22) (2020) because Wind Point called her and/or the transaction was initiated during a meeting at her home. We disagree. The language of § ATCP 127.01(22) excludes from the definition of "solicitation" "[a] telephone, mail, or electronic communication initiated by the consumer." Sec. ATCP 127.01(22)(b). The circuit court found that Weikel initiated the communication regarding services when she called Servpro. Sec. ATCP 127.01(22) does not apply.

---

[4] A consumer approval transaction must meet two criteria: WIS. STAT. § 423.201(1)(a) (addressing how such a transaction is initiated) and § 423.201(1)(b) (transaction involves cash or credit). Because the Wind Point transaction did not satisfy § 423.201(1)(a), we need not consider Weikel's arguments relating to § 423.201(1)(b).

¶15    Weikel's reliance on **_Reusch v. Roob_**, 2000 WI App 76, 234 Wis. 2d 270, 610 N.W.2d 168, is misplaced.  In that case, the court concluded that the consumers' relationship with the vendor was neither a consumer approval transaction under WIS. STAT. ch. 423 nor a solicitation under WIS. ADMIN. CODE § ATCP 127.01.  **_Reusch_**, 234 Wis. 2d 270, ¶2.  **_Reusch_** is neither useful nor persuasive.

¶16    The facts alleged in the counterclaim cannot under any conditions allow recovery to Weikel, as they cannot establish that the Wind Point transaction was subject to either the WIS. STAT. § 423.202(1) right to cancel or WIS. ADMIN. CODE § ATCP 127.01(22).  The circuit court did not err in dismissing her counterclaim or denying reconsideration.[5]

*By the Court.*—Judgment and order affirmed.

This opinion will not be published.  See WIS. STAT. RULE 809.23(1)(b)5.

---

[5] Other than the arguments addressed in this opinion, Weikel does not challenge any other aspect of the judgment and order entered against her.

6